UNITED STATES of America, Appellee,

v.

David MATEO, Defendant, Appellant.

No. 90–1592.

United States Court of Appeals,
First Circuit.

Heard June 6, 1991.

Decided Nov. 27, 1991.

Albert C. Bielitz, Jr., Cambridge, Mass. with whom Jillyn K. Schulze, Baltimore, Md. and Law Office of Albert C. Bielitz, Jr., Cambridge, Mass., were on brief for defendant, appellant.

Lawrence D. Gaynor, Asst. U.S. Atty. with whom Lincoln C. Almond, U.S. Atty., Providence, R.I., was on brief for appellee.

Before SELYA and CYR, Circuit Judges, and STAHL,* District Judge.

CYR, Circuit Judge.

David Mateo appeals his conviction and sentence for possessing heroin with intent to distribute. Mateo claims that he was convicted on an invalid guilty plea and sentenced without the assistance of counsel or the effective assistance of counsel. We affirm the conviction, vacate the sentence, and remand for resentencing.

I

DISCUSSION

1. *Rule 11*

Appellant Mateo claims that his conviction must be set aside, as it was based on

* Of the District of New Hampshire, sitting by designation.

1. Rule 11(c) requires that the district court:

an invalid guilty plea. *See* Fed.R.Crim.P. 11. Mateo asserts on appeal, for the first time, that he was unaware when he entered the guilty plea that he was waiving the right to challenge the search warrant which led to his arrest. Mateo states that he had asked his attorney to challenge the search warrant and that he expected the challenge to proceed notwithstanding the entry of a guilty plea. The record belies Mateo's rule 11 claim.

We recently addressed another rule 11 challenge raised for the first time on appeal. In *United States v. Parra–Ibanez*, 936 F.2d 588, 593–94 (1st Cir.1991), the defendant successfully challenged the validity of his guilty plea on the ground that his use of medications had not been explored by the district court at the rule 11 hearing. We stated that a rule 11 challenge normally will not be considered waived since rule 11 protects not only the rights of defendants but also the " 'fairness, integrity [and] public reputation of judicial proceedings.' " *Id.* at 593 (quoting *United States v. Daniels*, 821 F.2d 76, 81 (1st Cir.1987) (quoting *United States v. Adams*, 634 F.2d 830, 836 (5th Cir.1981)).

Under *Parra–Ibanez*, Mateo cannot prevail, however, since he has neither alleged nor demonstrated any *defect* in the rule 11 proceeding. Instead, Mateo's complaint below was that *sentencing* should not have proceeded once Mateo mentioned that counsel had not challenged the search warrant as requested. Not until the present appeal did Mateo challenge his guilty plea. As amply demonstrated by Mateo's own statements at the rule 11 hearing and at sentencing, however, his guilty plea was entered knowingly and voluntarily.

The district court accepted Mateo's plea only after a careful exploration of all elements of a voluntary and knowing guilty plea under rule 11.¹ Mateo acknowledged

address the defendant personally in open court and inform the defendant of, and determine that the defendant understands, ... (1) the nature of the charge to which the plea is

that he had discussed the case with court-appointed counsel and was satisfied with his representation. He acknowledged as well that by pleading guilty he was giving up his right to trial and the right to challenge the government's evidence at trial, and that he would be convicted and sentenced on the basis of his guilty plea.

The prosecutor described the government's evidence and the discovery of Mateo and the heroin in the apartment of Mateo's female companion when the police executed the search warrant that Mateo wanted challenged. Mateo acknowledged the correctness of the government's version of the evidence.[2] Thus, among other things, Mateo acknowledged at the rule 11 hearing that he understood that he was giving up his right to challenge the government's evidence, which of necessity included the evidence obtained in the execution of the search warrant. We therefore conclude that the rule 11 claim is meritless.

### 2. *Ineffective Assistance*

Mateo advances two ineffective assistance claims. First, he asserts that court-appointed counsel rendered ineffective assistance by not insisting that the district court resolve the validity of Mateo's guilty plea once Mateo informed the court that Mr. Cohen had failed to challenge the search warrant. Second, he argues that counsel failed to present mitigating factors

which might have persuaded the district court to impose a lower sentence within the guideline sentencing range.[3]

Ineffective assistance claims are subject to the well-established test first articulated in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). As we have explained, *Strickland* requires that the "defendant ... first demonstrate that his attorney's performance was deficient and then show that this deficiency prejudiced the defense." *United States v. Caggiano,* 899 F.2d 99, 101 (1st Cir.1990).

■ Mateo argues that his second court-appointed counsel, David Cicilline, Esquire, failed to challenge the validity of the guilty plea. Mateo argues that the issue of the validity of his guilty plea surfaced during the first sentencing hearing when Mateo questioned Mr. Cohen's failure to challenge the legality of the search warrant prior to the rule 11 hearing. Although Mr. Cicilline was not in attendance at Mateo's first sentencing hearing and Mateo *does not contend that he ever asked Mr. Cicilline to challenge the validity of the guilty plea,* the district court directed Mr. Cicilline to undertake representation of Mateo and to file any appropriate request for relief.

A review of the transcripts of the rule 11 hearing and the first sentencing hearing, particularly the categorical reassurances Mateo gave the district court at the first

---

offered, the mandatory minimum penalty provided by law, ... including the effect of any special parole or supervised release term, the fact that the court is required to consider any applicable sentencing guidelines but may depart from those guidelines under some circumstances, and, when applicable, that the court may also order the defendant to make restitution to any victim of the offense; and (2) if the defendant is not represented by an attorney, that the defendant has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent the defendant; and (3) that the defendant has the right to plead not guilty or to persist in that plea if it has already been made, the right to be tried by a jury and at that trial the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, and the right against compelled self-incrimination; and (4) that *if a plea of guilty* or nolo contendere *is accepted by the court there will not be a fur-*

*ther trial of any kind, so that by pleading guilty* or nolo contendere *the defendant waives the right to a trial;* and (5) if the court intends to question the defendant under oath, on the record, and in the presence of counsel about the offense to which the defendant has pleaded, that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement. Fed.R.Crim.P. 11(c) (emphasis added).

**2.** For good measure, twice during the rule 11 hearing Mateo volunteered that the heroin discovered during the execution of the search warrant belonged to him, not to the tenant.

**3.** Since we find it necessary to remand for resentencing, we need not discuss the second ineffective assistance claim. We address the first ineffective assistance claim, however, in order to forefend against a recurrence of the subject at resentencing.

*sentencing* hearing—that he had pled guilty because he was in fact guilty,[4]—could not have left any doubt in the mind of reasonably competent counsel that no plea challenge was either desired or warranted. *See also supra* note 2. Indeed, even now Mateo makes no claim that "he would not have pleaded guilty and would have insisted on going to trial." *See Hill v. Lockhart,* 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985) ("in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."). Thus, Mateo can demonstrate neither deficient professional performance nor prejudice.

3. *Sixth Amendment Right to Assistance of Counsel*

■ "In all criminal prosecutions, the accused shall enjoy the right ... to have the assistance of counsel for his defence." U.S. Const. amend. VI. The sixth amendment entitles every criminal defendant to the assistance of counsel at all "critical stages" of the proceedings, *United States v. Wade,* 388 U.S. 218, 225, 87 S.Ct. 1926, 1931, 18 L.Ed.2d 1149 (1967); *United States v. Batista,* 834 F.2d 1, 3 (1st Cir. 1987), unless the right is competently waived by the defendant. *Johnson v. Zerbst,* 304 U.S. 458, 464–65, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938) (a defendant who would appear *pro se* must first provide "an intelligent and competent waiver" of the sixth amendment right to counsel); *United States v. Betancourt–Arretuche,* 933 F.2d 89, 92 (1st Cir.1991) (setting forth three-part test for waiver of counsel). *See*

*also* Fed.R.Crim.P. 44(a) ("[e]very defendant who is unable to obtain counsel shall be entitled to have counsel ... at every stage of the proceedings from initial appearance ... through appeal, unless that defendant waives such appointment.").

Mateo concedes that court-appointed counsel appeared at both sentencing hearings and at every other stage of the district court proceedings. Nevertheless, he correctly contends that the events that transpired at the second sentencing hearing raise a serious question as to whether he was afforded the assistance of counsel contemplated by the sixth amendment. Mateo maintains that Mr. Cicilline provided no advocacy in his behalf at the second sentencing hearing. We detail the relevant background.

At the first sentencing hearing, on May 1, 1990, Mr. Cohen continued to represent Mateo. The final version of the presentence report ("PSR") recommended a total offense level of 20. Mr. Cohen objected to three PSR recommendations and urged that the total offense level be set at 16. The court carefully considered Mr. Cohen's arguments, but concluded that the total offense level should be set at 20 and assigned a level I criminal history category, which resulted in a guideline sentencing range between 33 and 41 months.

Prior to imposing sentence, the district court informed Mateo that it would welcome any statement or evidence Mateo wished to offer. Mateo responded that he wished to challenge the search warrant. The court repeatedly reminded Mateo that he had pled guilty and that the validity of the search warrant was not before the court.[5] A colloquy ensued during which

---

4. The Court: And are you telling me that you told your attorney that you wanted to challenge the validity of the search warrant? The Defendant: I told him.

 . . . . .

 The Court: Well, why did you plead guilty if you told him that and he did not argue that or raise that at any time that you came before the court to enter a plea? The Defendant: *Because I am guilty. I am not denying that I am guilty.* (Emphasis added.)

5. The court explained: "You entered a plea of guilty, Mr. Mateo. [The search warrant is] not before me at this point."

 Moments later, the court said: "You have entered a plea of guilty here. I don't have the validity of the search warrant before me nor is that in issue at this point. You are here for sentencing on your guilty plea."

 Finally, moments later, the court reiterated: "How can I get through to you to make you understand that is not before me. You never raised that issue. That issue is not here now."

Mateo told the court that, before he tendered his guilty plea, he had asked Mr. Cohen to challenge the search warrant.[6] Mateo indicated that Mr. Cohen had advised him that the police did have a search warrant and that Mr. Cohen therefore had not raised a search warrant challenge.[7]

The district court then asked Mateo why he had pled guilty and Mateo responded: "because I am guilty. I am not denying that I am guilty." The sentencing judge, understandably perplexed, observed: "I am entirely unclear as to what defendant's position is." The court thereupon announced that replacement counsel would be appointed to represent Mateo and would be directed to ascertain Mateo's position regarding the search warrant and to request appropriate relief. The first sentencing hearing was adjourned.

At the second sentencing hearing, on June 15, 1990, Mr. Cicilline, Mateo's newly-appointed counsel, appeared as counsel of record. The court ordered a consolidation of the first and second sentencing hearings and caused the entire transcript of the first sentencing hearing to be read into the record at the second hearing. Mr. Cicilline informed the court that, after reviewing Mateo's case, he had spent almost three hours discussing the available legal options with Mateo and advised him that a search warrant challenge had little prospect of success. Notwithstanding the fact that

Mr. Cicilline informed Mateo that it was still up to Mateo to decide whether to challenge the warrant, Mateo stated that he no longer wanted Mr. Cicilline to represent him. Mr. Cicilline thereupon advised the court that he felt compelled to request permission to withdraw. Although the district court did not act on the request to withdraw, thereafter Mr. Cicilline neither addressed the court nor consulted with Mateo, and neither the court nor Mateo addressed Mr. Cicilline until after Mateo had been sentenced.

The court afforded Mateo three further opportunities to address the court before sentence was imposed. On each of the first two occasions, Mateo asked who his attorney was. On the occasion of the third overture, the sentencing judge specifically invited Mateo to say whatever he wished in mitigation of sentence. Once again Mateo merely asked who was representing him. Neither the court nor Mr. Cicilline responded to these inquiries. The court then imposed a forty-one month prison term, the maximum permitted within the guideline sentencing range.

 Notwithstanding the district court's scrupulous concern for the rights of the defendant, we must conclude that Mateo was sentenced without the assistance of counsel to which he was entitled under the sixth amendment.[8] The Fifth Circuit recently reached the same conclusion in a

---

**6.** The sentencing hearing transcripts indicate that Mateo was most concerned about the refusal of the officers to *show* him the search warrant. *See infra* note 7. At the second sentencing hearing, Mateo asserted that one of the officers told him at the time of the search that "he didn't have anything to show to me." Government counsel volunteered that Mateo may not have been the person to whom the search warrant need have been shown, as he was not the tenant of the apartment.

**7.** The colloquy follows:

> *Court:* I want to know if you asked your attorney to challenge this search warrant and he failed to do it. Yes or no.
> *Mateo:* Yes.
>
> . . . . .
>
> *Court:* At this point I'm only interested in wanting to know why did he plead guilty if he thought the search was illegal?
> *Mateo:* Because afterwards the attorney told me they did have a warrant, a permit to

search that place but I want to know [why] that day they didn't show it to me.

**8.** Harmless error analysis is not permissible in the present context. *See Chapman v. California,* 386 U.S. 18, 23 & n. 8, 87 S.Ct. 824, 828 & n. 8, 17 L.Ed.2d 705 (1967) (constitutional errors are subject to "harmless error" analysis, but deprivation of right to counsel represents an exception) (citing *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); *United States v. Cronic,* 466 U.S. 648, 659, n. 25, 104 S.Ct. 2039, 2047, n. 25, 80 L.Ed.2d 657 (1984) (Court has "uniformly found constitutional error without any showing of prejudice when counsel was ... totally absent ... during a critical stage of the proceeding"); *Gardner v. Florida,* 430 U.S. 349, 358, 97 S.Ct. 1197, 1204–05, 51 L.Ed.2d 393 (1977) ("sentencing is a critical stage of the criminal proceeding"); *see also United States v. Balough,* 820 F.2d 1485, 1488 (9th Cir.1987) (declining to apply harmless error analysis where defendant was deprived of

somewhat similar guideline sentencing case. In *United States v. Taylor*, 933 F.2d 307 (5th Cir.), *cert. denied*, — U.S. —, 112 S.Ct. 235, 116 L.Ed.2d 191 (1991), the defendant, after waiving his right to counsel, had been permitted to represent himself at trial, with the assistance of court-appointed standby counsel. At sentencing, the defendant requested the appointment of counsel, which was denied on the ground that the defendant's initial waiver of the right to trial counsel remained binding. Instead, the sentencing court ordered that defendant's court-appointed standby counsel at trial should continue to serve as standby counsel at the sentencing hearing.

The Fifth Circuit held that the defendant had been denied the right to counsel at sentencing, in violation of the sixth amendment. *Id.* at 312. Even though the Fifth Circuit recognized that standby counsel was present throughout the sentencing proceeding and "participated to some extent," *id.*, it noted that "[s]tandby counsel does not *represent* the defendant," *id.* at 313 (emphasis in original), and "does not speak for the defendant or bear responsibility for his defense." *Id.* Since Taylor "was denied counsel, and did not simply receive ineffective counsel," *id.*, the Fifth Circuit concluded that the "case must be remanded so that Taylor may be resentenced with the assistance of counsel required by the Sixth Amendment." *Id.*

■ Mateo repeatedly complained at the second sentencing hearing that he was being sentenced without an attorney.[9] Moreover, although Mr. Cicilline remained in the courtroom throughout the second sentencing hearing, in no meaningful sense can it be said that he represented Mateo. Mr. Cicilline offered no substantive statement on any sentencing issue, nor was his advice or assistance either provided or requested. Furthermore, when Cicilline requested permission to withdraw, Mateo confirmed his rejection of Cicilline's representation and asked the court who was representing him. As we stated some time ago in a similar context, we could only conclude that the sixth amendment right to counsel was satisfied in the present circumstances by disregarding "the reality of self-representation, so long as counsel is not formally allowed to withdraw and remains in the courtroom." *Maynard v. Meachum*, 545 F.2d 273, 277 (1st Cir.1976) (availability of counsel in standby role does not satisfy sixth amendment, absent effective waiver of right to counsel). Thus, although the court took no formal action on the request to withdraw, the "reality of self-representation" was unmistakable, since Mateo affirmatively rejected Cicilline's services, Cicilline was never again addressed or consulted by Mateo, and the court never addressed Cicilline on any substantive matter bearing on Mateo's sentencing.

The government does not contend that Mateo waived the right to counsel at sentencing. Moreover, it seems clear that Mateo expressly invoked the right to counsel

---

right to counsel at sentencing); *Golden v. Newsome*, 755 F.2d 1478 (11th Cir.1985) (same). Were it otherwise, the result might well be different, for several reasons. First, Mr. Cicilline remained available to represent Mateo throughout the second sentencing hearing, as did Mr. Cohen throughout the first sentencing hearing. The only constraint on Mr. Cicilline's capacity to represent Mateo resulted from Mateo's rejection of his representation. Second, the district court previously had determined the appropriate guideline sentencing range and that it would not depart. Thus, except for fixing the precise number of months of imprisonment, the entire sentencing proceeding had taken place at the first sentencing hearing. In all other respects the sentencing had been completed at the first sentencing hearing, which was continued only to enable Mr. Cicilline to look into Mateo's allegations relating to Mr. Cohen's failure to challenge the search warrant. Third, the entire

transcript of the first sentencing hearing, including all of Mr. Cohen's argumentation in behalf of Mateo, was read into the record at the second sentencing hearing at the direction, and in the presence, of the same sentencing judge. Thus, by the end of the first sentencing hearing, the judge was fully apprised as to Mateo's position and circumstances relating to the sentencing. Fourth, the guideline sentencing range set by the court at the first sentencing hearing is not challenged on appeal. Finally, Mateo has never identified any mitigating factor or other information which either counsel below omitted to mention to the sentencing court.

9. The district court was advised in writing as well—prior to the second sentencing hearing—that Mateo did not wish to be represented by Mr. Cicilline.

both before and during the second sentencing hearing. Thus, it cannot be said that he "affirmative[ly] acquiesce[d]" in any informal alternative to full representation. *See Carnley v. Cochran,* 369 U.S. 506, 516–17, 82 S.Ct. 884, 890–91, 8 L.Ed.2d 70 (1962) (where record shows affirmative acquiescence to informal arrangement, burden rests with defendant to show that his "acquiescence was not sufficiently understanding and intelligent to amount to an effective waiver"); *see also Maynard,* 545 F.2d at 277.

▪▪▪ We therefore remand to the district court for resentencing.[10] The court is not obliged, of course, to entertain the unreasonable demands of any defendant relating to the selection of particular court-appointed counsel. "[T]he right to *choose* counsel is not absolute; it must be weighed against the need for an efficient and effective administration of justice." *United States v. Machor,* 879 F.2d 945, 952 (1st Cir.1989), *cert. denied,* 493 U.S. 1094, 110 S.Ct. 1167, 107 L.Ed.2d 1070 (1990). The Constitution requires only that the defendant be afforded the assistance of competent court-appointed counsel at sentencing. The designation of competent court-appointed counsel is a matter for the district court. Should the defendant elect to proceed *pro se,* the district court is to address the defendant on the record to assure that he "knows what he is doing and [that] his choice is made with eyes open." *Faretta v. California,* 422 U.S. 806, 835, 95 S.Ct. 2525, 2541, 45 L.Ed.2d 562 (1975) (quoting *Adams v. United States ex rel McCann,* 317 U.S. 269, 279, 63 S.Ct. 236, 241–42, 87 L.Ed. 268 (1942)); *Johnson v. Zerbst,* 304 U.S. at 468–69, 58 S.Ct. at 1024–25; *Maynard,* 545 F.2d at 279 (1976).

*We affirm appellant's conviction. The sentence is vacated and the case is remanded to the district court for resentencing in accordance with this opinion.*

---

**10.** Although we repose utmost confidence in the district judge who has presided thus far in these proceedings, we believe that the appearance of justice would be best served were the case reassigned on remand.