**UNITED STATES, Appellee,**

v.

**Jose DANIEL, Defendant, Appellant.**

**No. 91–1554.**

United States Court of Appeals,
First Circuit.

Argued March 4, 1992.

Decided April 3, 1992.

H. Manuel Hernandez, Longwood, Fla., by Appointment of the Court, for defendant, appellant.

Jose A. Quiles, Asst. U.S. Atty., with whom Daniel F. Lopez–Romo, U.S. Atty., Hato Rey, P.R., was on brief for appellee.

Before SELYA, Circuit Judge, FEINBERG,* Senior Circuit Judge, and CYR, Circuit Judge.

FEINBERG, Senior Circuit Judge.

Jose Daniel appeals from the sentence he received in the United States District Court for the District of Puerto Rico, Jaime Pieras, Jr., J., after pleading guilty to a charge of aiding and abetting the possession, with intent to distribute, of 25 kilograms of cocaine. Appellant was sentenced to 151 months imprisonment, five years supervised release and a special monetary assessment of $50.00. Appellant claims that the district court committed plain error by: forcing him to proceed to sentencing pro se; forcing upon him the assistance of counsel with a possible conflict of interest; and not granting him a two-level reduction as a minor participant under § 3B1.2(b) of the Sentencing Guidelines. For the reasons given below, we affirm.

*Background*

This appeal arises out of a five-count indictment of appellant and three co-defendants in November 1990 for crimes in connection with a conspiracy to import 620 kilograms of cocaine from the Republic of Colombia into the United States. After initially entering a plea of not guilty, appellant filed a motion for a change of plea and a petition to enter a plea of guilty, pursuant to a written plea agreement with the

* Of the Second Circuit, sitting by designation.

government. In January 1991, after a hearing, the district court accepted appellant's guilty plea to Count Five, which, as stated above, charged him with aiding and abetting the possession, with intent to distribute, of 25 kilograms of cocaine. In May 1991, shortly before the sentencing hearing, appellant filed a pro se motion to withdraw his guilty plea. At the subsequent hearing, the district court denied the motion and proceeded to sentencing.

At sentencing, appellant's court-appointed attorney, Luis Padilla, raised a possible conflict based upon appellant's allegation of ineffective assistance of counsel in his motion to withdraw his guilty plea. The district court then asked Padilla whether he was prejudiced, and Padilla responded that he was not. The district court subsequently asked appellant whether he wished to be represented by Padilla; appellant responded, "[n]ot quite, sir." The court then told appellant to represent himself, while requiring Padilla to remain in the courtroom and assist appellant when possible. The district court then imposed the sentence already described above. This appeal followed.

*Discussion*

A. *Right to counsel*

Appellant argues that he did not waive his right to be represented by counsel but was nevertheless forced by the district court to proceed pro se. Appellant also alleges that the district court erred in de facto assigning him the court-appointed counsel who had been representing him.

█ We begin with the question whether appellant was forced to proceed pro se, as he contends. It is true that the district judge's words on this point seem unequivocal: After asking appellant whether he wanted Padilla to continue with the hearing and receiving the response, "[n]ot quite, sir," the judge said to appellant, "Well, then you represent yourself." These words should not, however, be taken out of context. Immediately after they were uttered, the judge addressed Padilla, the de-

fense attorney, and said, "You stay here." He also instructed Padilla that "if you think that you can help him in any way, you will inform the Court of that fact."

After agreeing to follow the judge's instruction, Padilla successfully argued against the presentence report's characterization of appellant as a supervisor or manager. He also argued vigorously against the upward departure recommended in the presentence report; after this argument the government decided not to request the departure, and the court exercised its discretion not to follow the Probation Department's recommendation to depart upward. In light of the substance of what actually took place, we find that appellant was not required to proceed pro se at the sentencing hearing. *Cf. United States v. Mateo*, 950 F.2d 44, 49 (1st Cir.1991) (finding that where standby counsel is affirmatively rejected by the litigant throughout the proceedings and does not provide any advice or assistance, the court cannot ignore the reality of self-representation) (citing *Maynard v. Meachum*, 545 F.2d 273, 277 (1st Cir.1976)).

■ Appellant also argues that he was forced to be represented at sentencing by court-appointed counsel who had raised a possible conflict of interest. Padilla did indeed raise the possibility that he "might have a conflict" given that appellant accused him of not providing effective assistance, and that he therefore "may be somewhat prejudiced in continuing to represent this defendant at this time." After hearing Padilla's statement, however, the court asked him directly, "Are you prejudiced?," to which Padilla responded, "[n]o, sir. I am not." If there were independent evidence of a potential conflict of interest, such inquiry might well have been unduly cursory. However, the only evidence of a potential conflict of interest was Padilla's own suggestion, which was obviously made in an attempt to lean over backwards in protecting appellant. The suggestion was immediately countered by Padilla's own unequivocal assertion that he was not prejudiced. Moreover, as discussed above, Padilla then persuasively demonstrated that

he was not prejudiced against his client by arguing vigorously and successfully on appellant's behalf during the remainder of the sentencing hearing.

Beyond appellant's pro se motion to withdraw his plea and his statement that he did "not quite" want counsel to continue with the sentencing hearing, appellant did not actually object to counsel's participation in the sentencing hearing. In fact, appellant was silent during the hearing and permitted Padilla to make arguments on his behalf, arguments that ultimately prevailed. Under the circumstances disclosed by this record, we find that the court in effect allowed Padilla's appointment as counsel for appellant to continue and that this was not error. *Cf. United States v. Betancourt–Arretuche*, 933 F.2d 89, 94 (1st Cir.), *cert. denied*, —— U.S. ——, 112 S.Ct. 421, 116 L.Ed.2d 441 (1991).

### B. *No Adjustment for Minor Role*

■ Appellant claims that the district court committed plain error when it did not grant appellant a two-level reduction as a minor participant under § 3B1.2(b) of the Sentencing Guidelines. As appellant concedes, a district court's application of the Sentencing Guidelines is entitled to great deference on appeal. *See United States v. Bradley*, 917 F.2d 601, 605 (1st Cir.1990). Absent a mistake of law, this court will review the sentencing court's fact-based applications of the Guidelines only for clear error. *United States v. Martinez*, 922 F.2d 914, 925 (1st Cir.1991). As Chief Judge Breyer made clear in *United States v. Wright*, 873 F.2d 437, 443–44 (1st Cir. 1989), this standard also applies in reviewing a district court determination that a defendant is a "minor" or "minimal" participant in an offense. *See also United States v. Trinidad de la Rosa*, 916 F.2d 27, 29 (1st Cir.1990). The burden is on the defendant to show that the denial of a downward adjustment was clearly erroneous. *United States v. Ocasio*, 914 F.2d 330, 332–33 (1st Cir.1990). Furthermore, since appellant did not raise the issue in district court, he must show that the court's failure to adjust his sentence down-

ward was "plain error." *United States v. Rosado–Sierra*, 938 F.2d 1, 2 (1st Cir.1991).

Upon his guilty plea, appellant was convicted of aiding and abetting possession, with intent to distribute, of 25 kilograms of cocaine. Pursuant to Guideline § 2D1.1, the base offense level was determined to be 34. The district court then gave appellant a two-level reduction for acceptance of responsibility, lowering his base offense level to 32. The sentencing range was 121–151 months of imprisonment, and appellant was sentenced, within the range, to 151 months in prison.

█ Appellant claims that he should have received a downward adjustment of two levels for his role as a "minor participant" under § 3B1.2(b) of the Sentencing Guidelines. A "minor participant" is one whose role in an offense makes one substantially less culpable than the average participant. U.S.S.G. § 3B1.2, Comment (backg'd); *United States v. Batista–Polanco*, 927 F.2d 14, 23 (1st Cir.1991). The Eleventh Circuit has pointed out that "the fact that a particular defendant may be least culpable among those who are actually named as defendants does not establish that he performed a minor role in the conspiracy." *United States v. Zaccardi*, 924 F.2d 201, 203 (11th Cir.1991). We agree with that proposition. In this case, the government's proffer regarding appellant's role in the offense revealed that appellant: made the initial contacts to have the cocaine brought into Florida; contacted the informant to arrange transportation of the cocaine; actively participated in several meetings; made the contacts and arrangements to bring the cocaine to Puerto Rico; and agreed to pay $1,700 per kilogram upon delivery. These activities do not support appellant's claim of having had a minor role. Appellant was so far from being a minor participant, in fact, that the Probation Department had described him as having had a managerial or supervisory role, although the district court ultimately rejected this characterization. It was thus not error at all, let alone clear or plain error, for the court to have declined to make a downward adjustment.

Finally, appellant argues that since he was "essentially unrepresented during the sentencing hearing," we should be especially indulgent of his arguments on appeal. We have already rejected appellant's contention that he went essentially unrepresented during the sentencing hearing. As discussed above, we believe that Padilla did a competent job of representing appellant at sentencing. It is true that Padilla did not argue for a two-level reduction even after the judge asked him whether "there [should] be some expression here for the record and for the consideration of the Court as to the defendant's background and behavior that the Court should take into consideration in mitigation of punishment?" On this record, Padilla could reasonably have believed that an argument for a downward adjustment would have been meritless.

We have considered all of appellant's arguments and find them unpersuasive. We therefore *affirm*.