USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT  ____________________ No. 95-1297 UNITED STATES OF AMERICA, Appellee, v. JUAN MANUEL SANCHEZ-BARRETO, Defendant, Appellant.  ____________________ No. 95-1299 UNITED STATES OF AMERICA, Appellee, v. JACKSON QUINTERO-FIGUEROA, Defendant, Appellant.  ____________________ No. 95-1300 UNITED STATES OF AMERICA, Appellee, v. JORGE L. PEREZ-GARCIA, a/k/a PITO CABALLO, Defendant, Appellant.  ____________________ No. 95-1303 UNITED STATES OF AMERICA, Appellee, v. LUIS GARCIA-CRUZ, Defendant, Appellant.  ____________________ No. 95-1306 UNITED STATES OF AMERICA, Appellee, v. ELIGIO LOPEZ-AYALA, Defendant, Appellant.  ____________________ No. 95-1404 UNITED STATES OF AMERICA, Appellee, v. JUAN CARLOS ARROYO-REYES, Defendant, Appellant.  ____________________ APPEALS FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Jos Antonio Fust , U.S. District Judge] ___________________  ____________________ Before Selya and Cyr, Circuit Judges, ______________ and Gertner,* District Judge. ______________  ____________________  ____________________ *Of the District of Massachusetts, sitting by designation. 2 Jos A. Pagan Nieves, with whom Jos A. Pagan Nieves Law Offices ____________________ ________________________________ was on brief for appellant Sanchez Barreto. Carmen R. De J sus for appellant Quintero Figueroa. __________________ Rafael F. Castro Lang for appellant Perez Garcia. _____________________ Lydia Lizarribar-Masini on brief for appellant Garcia Cruz. _______________________ Eduardo Caballero Reyes for appellant Lopez Ayala. _______________________ Victor P. Miranda Corrada for appellant Arroyo Reyes. _________________________ Miguel A. Pereira, Assistant United States Attorney, with whom _________________ Guillermo Gil, United States Attorney, and Jos A. Quiles-Espinosa, _____________ _______________________ Senior Litigation Counsel, were on brief for appellee.  ____________________ August 21, 1996  ____________________ 3 CYR, Circuit Judge. Appellants Juan Carlos Arroyo- CYR, Circuit Judge _____________ Reyes ("Arroyo"), Luis Garcia-Cruz ("Garcia"), Eligio Lopez-Ayala ("Lopez"), Jorge Perez-Garcia ("Perez"), Jackson Quintero- Figueroa ("Quintero"), and Juan Sanchez-Barreto ("Sanchez") contend, among other things, that the district court erred in denying their requests to withdraw their guilty pleas. See Fed. ___ R. Crim. P. 32(e). We remand the Sixth Amendment claim presented by Perez and affirm the district court judgments against the remaining appellants. I I BACKGROUND BACKGROUND __________ On March 9, 1994, a federal grand jury in Puerto Rico returned a five-count indictment charging appellants with, inter _____ alia, conspiracy to distribute not less than fifty grams of ____ cocaine base, five kilograms of cocaine, and one kilogram of heroin, in violation of 21 U.S.C. 841(a)(1), 846 (1994), and with using or carrying firearms in connection with a drug offense, in violation of 18 U.S.C. 924(c)(1) (1994). A superseding indictment alleged that appellants belonged to a twenty-six member gang that operated a "drug point" in Toa Baja, Puerto Rico, and used firearms to defend against rival gangs and discourage honest citizens from informing the police. Appellants initially pled not guilty to the charges. Just before trial, however, with the advice of counsel, appellants entered guilty pleas to the drug conspiracy and firearms counts and the government agreed to dismiss the 4 remaining counts. After the district court accepted their guilty pleas, and before sentencing, see Appendix A, appellants sought ___ to withdraw their pleas. See Fed. R. Crim. P. 32(e) ("If a ___ motion to withdraw a plea of guilty . . . is made before sentence is imposed, the court may permit the plea to be withdrawn if the defendant shows any fair and just reason."). The district court denied their motions and imposed sentences consistent with their respective plea agreements.  II II DISCUSSION DISCUSSION __________ A. The Perez Appeal A. The Perez Appeal ________________ Perez claims that he was denied effective assistance of counsel at the hearing on his pro se motion to withdraw his ___ __ guilty plea. See U.S. Const. amend. VI. The government responds ___ that Perez (1) did not ask the court to appoint new counsel, and (2) has not shown that appointed counsel, Jos R. Aguayo, Esquire, labored under an actual conflict of interest within the meaning of United States v. Soldevila-Lopez, 17 F.3d 480 (1st ______________ _______________ Cir. 1994).  1. Waiver 1. Waiver ______ The Sixth Amendment right to effective assistance of counsel inheres at all "critical stages" of a criminal proceeding unless competently waived. United States v. Mateo, 950 F.2d 44, ______________ _____ 47 (1st Cir. 1991). A plea withdrawal hearing is a "critical stage" in the criminal proceeding. United States v. Crowley, 529 _____________ _______ F.2d 1066, 1069 (3d Cir.), cert. denied, 425 U.S. 995 (1976). _____ ______ 5 The right to counsel is not contingent upon a request by the defendant; rather, "we presume that the defendant requests the lawyer's services at every critical stage of the prosecution." Michigan v. Jackson, 475 U.S. 625, 633 & n.6 (1986). In all ________ _______ events, Perez requested counsel at the outset, and the district court appointed Jos R. Aguayo, Esquire.  _ Thus, contrary to the government's suggestion, nothing in the record remotely indicates that Perez knowingly and voluntarily waived his Sixth Amendment right to counsel at the plea withdrawal hearing. Compare United States v. Saccoccia, 58 _______ _____________ _________ F.3d 754, 771-72 (1st Cir. 1995) (defendant repeatedly waived representation by conflict-free counsel), cert. denied, 116 S. _____ ______ Ct. 1322 (1996); see also United States v. Betancourt-Arretuche, ___ ____ _____________ ____________________ 933 F.2d 89, 92 (1st Cir.) (discussing waiver elements), cert. _____ denied, 502 U.S. 959 (1991). Finding no waiver, we next consider ______ whether Perez has demonstrated that court-appointed counsel failed to afford effective assistance at the plea withdrawal hearing. 2. Conflict of Interest 2. Conflict of Interest ____________________ The government contends that Perez must demonstrate "an actual conflict of interest adversely affect[ing] his lawyer's performance." Soldevila-Lopez, 17 F.3d at 486 (quoting Cuyler v. _______________ ______ Sullivan, 446 U.S. 335, 348 (1980)). Thus, the government says ________ Perez was required to show that court-appointed counsel could have pursued a plausible alternative tactic or strategy were it not for an inherent conflict of interest or other loyalties that 6 caused him not to do so. Id.; Guaraldi v. Cunningham, 819 F.2d ___ ________ __________ 15, 17 (1st Cir. 1987).  7 We noted in Soldevila-Lopez that "[c]ourts have recog- _______________ nized actual conflicts of interest between an attorney and his client when pursuit of a client's interests would lead to evidence of an attorney's malpractice." Soldevila-Lopez, 17 F.3d _______________ at 486 (citing United States v. Ellison, 798 F.2d 1102, 1106-08 _____________ _______ (7th Cir. 1986), cert. denied, 479 U.S. 1038 (1987), and Mathis _____ ______ ______ v. Hood, 937 F.2d 790, 795 (2d Cir. 1991)). The absence of any ____ malpractice or ethics complaint in Soldevila-Lopez nonetheless _______________ led us to conclude that a conflict-of-interest finding should not be based solely on an inference that the client might have benefited had defense counsel raised the client's mental incompetency claim prior to trial. Id. at 486-87.  ___ The government's contention that Perez' Sixth Amendment claim is indistinguishable from that in Soldevila-Lopez is _______________ untenable, since Perez plainly alleged facts amounting to malpractice, if found to be true. That is, the Perez motion to withdraw his guilty plea alleged that Aguayo had pressured him into pleading guilty at the earlier Rule 11 change-of-plea hearing in order to "hide [Aguayo's] lack of preparation" for trial. Perez further alleged that Aguayo had not made even "minimum" efforts to "act as his counsel or defender" and was only interested in a fee, but see infra note 1, thus leaving no ___ ___ _____ doubt that Perez wanted replacement counsel. ______ In United States v. Ellison, 798 F.2d 1102 (7th Cir. _____________ _______ 1986), cert. denied, 479 U.S. 1038 (1987), the district court was _____ ______ presented with a virtually identical situation in which the 8 defendant had filed a pro se motion to withdraw a guilty plea, ___ __ alleging that court-appointed counsel had persuaded him to forgo trial (despite Ellison's assertions of innocence) because counsel "did not want to make waves with the federal prosecutors with whom he would be working in the future." Id. at 1106. The ___ district court neither appointed new counsel nor obtained a competent waiver, but instead rejected the plea-withdrawal motion because defense counsel denied Ellison's accusations at the plea- withdrawal hearing.  The Seventh Circuit held that defense counsel's "repre- sentation" at the plea-withdrawal hearing did not meet the Sixth Amendment minima:  First, counsel was not able to pursue his client's best interests free from the influ- ence of his concern about possible self-in- crimination. . . . [I]f the allegations in defendant's motion were true, his actions would be tantamount to malpractice. Any contention by counsel that defendant's allegations were not true would (and did) contradict his client. In testifying against his client, counsel acted as both counselor and witness for the prosecution. These roles are inherently inconsistent.  Id. at 1107 (citation omitted); see also Lopez v. Scully, 58 F.3d ___ ___ ____ _____ ______ 38, 41 (2d Cir. 1995) (holding that a pro se motion to withdraw a ___ __ guilty plea based on alleged attorney coercion created an actual conflict of interest). The identical logic fully warrants the conclusion that Aguayo may have been laboring under an actual conflict of interest at the hearing on the pro se plea-withdrawal ___ __ motion, which alleged that Aguayo had coerced Perez' guilty plea in order to conceal his unpreparedness for trial. Nevertheless, 9 we think the appropriate course in this case is to remand for further factfinding on the merits of the Perez allegations against Aguayo. As we recognized in Soldevila-Lopez, 17 _______________ F.3d at 486, a claim that counsel was disabled by an actual conflict of interest at a critical stage in the criminal proceeding amounts to an ineffective assistance claim not normally appropriate for consideration on direct appeal. See ___ United States v. Natanel, 938 F.2d 302, 309 (1st Cir. 1991), ______________ _______ cert. denied, 502 U.S. 1079 (1992). Moreover, the district court _____ ______ record is not "sufficiently developed to allow reasoned consider- ation" of the merits of the pro se plea-withdrawal motion itself, ___ __ Soldevila-Lopez, 17 F.3d at 486 (quoting Natanel, 938 F.2d at _______________ _______ 309), since its underlying conflict-of-interest allegations against Aguayo were never subjected to factfinding in the district court.  The district court failed to determine, in the first instance, whether Perez had made "an intelligent and competent waiver" of his Sixth Amendment right to counsel before proceeding to hear the plea-withdrawal motion with Perez acting pro se. See ___ __ ___ Mateo, 950 F.2d at 47. Instead, it opened the plea-withdrawal _____ hearing with questions to Aguayo about the pro se plea-withdrawal ___ __ motion. Whereupon Aguayo extolled the benefits of the plea agreement, stated that there were no errors in the earlier Rule 11 plea colloquy conducted by the district court, nor any basis in law for Perez' pro se plea-withdrawal motion, and, in all ___ __ events, that Perez was better off with the plea bargain, given 10 the unlikelihood the he could prevail at trial. Summing up, Aguayo stated: "I really don't understand why [Perez] wants to withdraw [the plea agreement]." Compare United States v. Daniel, _______ _____________ ______ 962 F.2d 100, 102 (1st Cir. 1992) (attorney argued vigorously and successfully for client after raising potential conflict). Whatever their independent merit,1 the views expressed by Aguayo at the plea-withdrawal hearing directly contradicted the position advocated by Perez in the pro se motion to withdraw his guilty ___ __ plea. Thus, the Rule 32(e) hearing record leaves no doubt that Perez was left to fend for himself, without representation by _______ counsel. But see Crowley, 529 F.2d at 1069 (plea withdrawal ___ ___ _______ hearing is "critical stage" in criminal proceeding). Conse- quently, Perez was denied effective assistance at the plea- withdrawal hearing. See Soldevila-Lopez, 17 F.3d at 486; ___ _______________ Ellison, 798 F.2d at 1106-08. _______ In many instances a trial court may have no reason to question whether counsel's personal or professional interests might preclude "effective assistance" to the defendant. In such circumstances, fair and efficient criminal justice may depend in significant part upon the ethical obligation of defense counsel to inform the court whenever a conflict of interest arises in the  ____________________ 1The record discloses cause for Aguayo's concerns for his client (and for the district court's concern as well) since upon conviction Perez would face a ninety-year minimum term of _______ imprisonment, rather than the seventeen-year maximum term _______ negotiated for him under the plea agreement. 11 course of the proceedings. Guaraldi, 819 F.2d at 18.2 On the ________ other hand, when the trial court learns or has reason to know that there is a colorable conflict, it should initiate an appropriate inquiry to safeguard the accused's Sixth Amendment rights. Soldevila-Lopez, 17 F.3d at 487; United States v. Allen, _______________ _____________ _____ 789 F.2d 90, 92 (1st Cir.) ("Where the accused voices objection to appointed counsel, the trial court should inquire into the reasons for the dissatisfaction."), cert. denied, 479 U.S. 846 _____ ______ (1986); see generally 2 Wayne R. LaFave & Jerold H. Israel, ___ _________ Criminal Procedure 11.4(b), at pp. 36-37 (1984) (replacement of __________________ appointed counsel); cf. Fed. R. Crim. P. 44(c) (mandating inquiry ___ into joint representation). Given the clarity and specificity of the malpractice allegations in the pro se plea-withdrawal motion filed by Perez, ___ __ and Aguayo's sua sponte attempt to terminate his representation ___ ______ at the outset of the plea-withdrawal hearing, the appropriate course for the district court was to resolve the factual dispute  ____________________ 2Were there any substance to Perez' allegations against Aguayo, a matter yet to be addressed by the district court, D.P.R. Loc. R. 211.4 would appear to have required that Aguayo observe Model Rule of Professional Conduct 1.7(b), prohibiting ____________________________________ represent-ation where personal or professional interests materially restrict counsel's freedom of action in support of a client's interests. See also id. Rule 1.16(a)(1) (imposing duty ___ ____ ___ to terminate representation). In all events, at the outset of the plea-withdrawal hearing, Aguayo promptly indicated that he intended to withdraw as counsel. The district court nonetheless proceeded with the hearing, took no action on Aguayo's withdrawal suggestion and, for all intents and purposes, continued to treat Aguayo as Perez' counsel, without first determining the disputed facts underlying the Perez allegations against Aguayo. Thus, the factual linchpin to the ineffective assistance claim whether Aguayo in fact labored under a conflict of interest has yet to be subjected to factfinding.  12 in keeping with the adversarial nature of the plea-withdrawal request. Moreover, absent a proper waiver of the Sixth Amendment right to counsel, and a knowing and voluntary election to proceed pro se on the Rule 32(e) motion, see Ellison, 798 F.2d 1108-09; ___ __ ___ _______ United States v. Wadsworth, 830 F.2d 1500, 1510-11 (9th Cir. _____________ _________ 1987), appointment of replacement counsel was the only appropri- ate course. As the hearing transcript plainly demonstrates, the failure to conduct the required factual inquiry resulted in an unconstitutional breakdown in the adversarial process, which compels a remand for further proceedings. See Cuyler, 446 U.S. ___ ______ at 349-50 (rejecting harmless error analysis). On remand, the district court shall appoint replacement counsel for Perez at a plea-withdrawal hearing reconvened for factfinding purposes to determine the merits of Perez' allegations against Aguayo, so as to enable its ultimate determination whether the guilty plea itself was rendered involuntary by a violation of Perez' Sixth Amendment right to counsel at all critical stages of the proceeding. See Hill v. ___ ____ Lockhart, 474 U.S. 52, 56 (1985) (ineffective assistance during ________ bargaining may render plea involuntary).  B. The Plea Withdrawal Motions B. The Plea Withdrawal Motions ___________________________ by the Remaining Defendants  by the Remaining Defendants  ___________________________ We now turn to the claims advanced by the remaining defendants. Under the well-established framework for evaluating plea-withdrawal motions, the district court considers all the circumstances, with particular attentionto four prominentfactors: (1) the plausibility of the reasons prompting 13 the requested change of plea; (2) the timing of the defendant's motion; (3) the existence or nonexistence of an assertion of innocence; and (4) whether, when viewed in the light of emergent circumstances, the defendant's plea appropriately may be characterized as involuntary, in derogation of the requirements imposed by Fed. R. Crim. P. 11, or otherwise legally suspect. United States v. Parrilla-Tirado, 22 F.3d 368, 371 (1st Cir. ______________ _______________ 1994) (footnote omitted). If the defendant carries the burden of persuasion on these four criteria, the district court may still decline to allow the plea to be withdrawn if it would unfairly prejudice the government. United States v. Doyle, 981 F.2d 591, ______________ _____ 594 (1st Cir. 1992). Moreover, absent a demonstrable abuse of discretion, we will not reverse a district court decision granting or denying a request to withdraw a guilty plea filed before sentencing. United States v. Martinez-Molina, 64 F.3d ______________ _______________ 719, 732 (1st Cir. 1995). 1. Voluntariness 1. Voluntariness _____________ The most prominent single factor whether these pleas were knowing, voluntary, and intelligent, within the meaning of Criminal Rule 11(d), United States v. Cotal-Crespo, 47 F.3d 1, 3 _____________ ____________ (1st Cir.), cert. denied, 116 S. Ct. 94 (1995) does not favor _____ ______ these appellants. We have found no abuse of discretion in disallowing plea withdrawal motions where Rule 11 safeguards were scrupulously followed by the district court. See, e.g., United ___ ____ ______ States v. Austin, 948 F.2d 783, 787 (1st Cir. 1991). These ______ ______ appellants uniformly have failed to identify any defect in their Rule 11 plea colloquies. Rather, appellants contend that their 14 pleas were rendered involuntary by their attorneys' recommendations to accept the plea bargains offered by the government on the morning trial was scheduled to begin. Their contentions are meritless.  Special Rule 11 requirements have been designed to minimize the significant risk that "involuntary" guilty pleas may be tendered in response to "package plea bargain" offers from the government. See Martinez-Molina, 64 F.3d 732-34. The Rule 11 ___ _______________ hearing transcripts in this case disclose that each appellant repeatedly informed the district court that his guilty plea had not been coerced by anyone, thereby substantiating the threshold ______ voluntariness determination for Rule 11(d) purposes. United ______ States v. Martinez-Martinez, 69 F.3d 1215, 1223 (1st Cir. 1995) ______ _________________ (inquiring whether anyone has coerced the plea satisfies Rule ______ 11), cert. denied, 116 S. Ct. 1343 (1996); compare Martinez- _____ ______ _______ _________ Molina, 64 F.3d at 733-34 (inquiry restricted to prosecutorial ______ _____________ coercion insufficient). Consequently, without more, their general allegations of coercion, based on the imminence of trial or conflict-free defense counsel's enthusiasm for the negotiated plea bargain, are insufficient to establish an abuse of discre- tion. Austin, 948 F.2d at 786-87 (noting that court has ______ discretion to refuse withdrawal of "eleventh hour" plea).  2. Timing 2. Timing ______ The delays in filing their Rule 32(e) motions likewise handicap appellants' challenges. See Appendix A. Even a request ___ filed prior to sentencing, United States v. Isom, 85 F.3d 831, ______________ ____ 15 838-39 (1st Cir. 1996), must meet the challenge that "the longer a defendant waits before moving to withdraw his plea, the more potency his motion must have in order to gain favorable consider- ation." Parrilla-Tirado, 22 F.3d at 373. These appellants, on _______________ the other hand, offer neither plausible grounds for withdrawing their pleas, nor explanations for their extended delays in filing Rule 32(e) motions. See Doyle, 981 F.2d at 595 ("the timing of a ___ _____ defendant's attempted plea withdrawal is highly probative of motive"); United States v. Ramos, 810 F.2d 308, 312 (1st Cir. ______________ _____ 1987) (contemplating change of heart within days of plea). Thus, ______ ____ the district court soundly concluded that their belated plea- withdrawal motions substantially weakened appellants' claims that their guilty pleas resulted from confusion or coercion. 3. Claims of Innocence 3. Claims of Innocence ___________________ Their belated claims of innocence likewise fail to tilt the balance. The district judge is better positioned to determine whether claims of innocence are credible. See ___ Parrilla-Tirado, 22 F.3d at 371. Defendants freely admitted _______________ their guilt during the flawless Rule 11 proceedings conducted below, and the subsequent Rule 32(e) hearing record evinces only weak and implausible assertions of innocence.3 The district  ____________________ 3See Ramos, 810 F.2d at 313 (rejecting "self-serving, unsup- ___ _____ ported claim of innocence raised judicially for the first time after the Rule 11 hearing"). Here, Sanchez admitted using firearms, but denied the drug charge, whereas Quintero admitted selling a small quantity of cocaine, but denied the firearm charge. Lopez sought to withdraw his plea to the firearm charge. Garcia asserted no claim of innocence. Confronted with a group photograph, in which several codefendants were depicted brandishing firearms, Arroyo claimed the guns were toys.  16 court need not credit bare protestations of legal innocence. Isom, 85 F.3d at 839.4 ____ Once again we emphasize: there is no absolute right to withdraw a guilty plea, Austin, 948 F.2d at 786; the decision is ______ left to the sound discretion of the trial court. Parrilla- _________ Tirado, 22 F.3d at 371 (noting that district judges possess ______ special insight into the dynamics of their cases). Thus, the totality of the circumstances fully supports the rulings that these appellants presented no fair and just reason to vacate their pleas. No more was required. Isom, 85 F.3d at 839 ____ (failure to show good cause for withdrawal obviates prejudice-to- government inquiry).  C. The Arroyo Sentence C. The Arroyo Sentence ___________________ For the first time, Arroyo contends that the district court violated U.S.S.G. 6B1.1(c) by allowing him to plead _____ guilty before it considered his presentence report ("PSR").5 As  ____________________ 4Although our cases occasionally list an additional factor to be considered whether the parties reached or breached a plea agreement, Isom, 85 F.3d at 834; United States v. Pellerito, ____ _____________ _________ 878 F.2d 1535, 1537 (1st Cir. 1989), cert. denied, 502 U.S. 862 _____ ______ (1991) as a general rule we do not conduct the typical Rule 32 analysis in cases involving alleged plea agreement breaches. See, e.g., United States v. Velez-Carrero, 77 F.3d 11 (1st Cir. ___ ____ ______________ _____________ 1996). In all events, the government kept its end of the bargain with appellants.  5Unless it finds a PSR unnecessary, see U.S.S.G. 6A1.1 & ___ Fed. R. Crim. P. 32(b)(1), the district court is expected to "defer its decision to accept or reject . . . any plea agreement ____ _________ pursuant to Rules 11(e)(1)(A) and 11(e)(1)(C) until there has been an opportunity to consider the [PSR]. . . ." U.S.S.G.  6B1.1(c) (emphasis added). Arroyo and the government reached a plea agreement under Criminal Rule 11(e)(1)(C), providing for a specific sentence. 17 Arroyo concedes, however, the failure to raise this claim below mandates "plain error" review. See Fed. R. Crim. P. 52(b); see ___ ___ also United States v. Olano, 507 U.S. 725 (1993).  ____ _____________ _____ The flaw in Arroyo's position is that he offers no reason for equating acceptance of his guilty plea with the accep- ______ ____ tance of a plea agreement under 6B1.1(c). See United States v. ____ _________ ___ _____________ Ewing, 957 F.2d 115, 118 (4th Cir.) (rejecting similar argument), _____ cert. denied, 505 U.S. 1210 (1992). Arroyo entered a guilty plea _____ ______ on September 7, 1994, and, in accordance with Fed. R. Crim. P. 11(e)(2) (permitting district court to defer decision to accept or reject Rule 11(e)(1)(C) plea agreements), the district court announced that its acceptance of the plea agreement was conditioned upon its review of the PSR. See United States v. ___ ______________ Johnson, 53 F.3d 831, 832-33 (7th Cir. 1995) (finding, on similar _______ facts, that defendant had not been sentenced at Rule 11 hearing). A PSR was submitted to the district court in timely fashion prior to sentencing on February 13, 1995. At the sentencing, the district court found that the agreed sentence was within the applicable guideline range, see U.S.S.G 6B1.2(c)(1), accepted ___ the plea agreement, see Ewing, 957 F.2d at 118, and imposed the ___ _____ sentence prescribed in the plea agreement. Moreover, Arroyo has not squared his view of 6B1.1(c) with Fed. R. Crim. P. 32(b)(3), which prohibits submission of a PSR until the defendant has pleaded or been found guilty, unless the defendant consents in writing. The overarching purpose served by the PSR is to assist the district court at sentencing. __________ 18 See U.S.S.G. 6A1.1 & Fed. R. Crim. P. 32(b)(1) (requiring ___ completed PSR "before the sentence is imposed"). Nor are we persuaded that the district court erred. But see Olano, 507 U.S. ___ ___ _____ at 732-33 (appellant must establish "error" under Rule 52(b)).6  Finally, we reject the frivolous argument that the indictment barred Arroyo from stipulating to the base offense level specified in the plea bargain. Arroyo pled guilty to conspiring to distribute "not less" than fifty grams of cocaine base, five kilograms of cocaine, and one kilogram of heroin. By its plain language, the indictment set no upper limit on drug quantity. See United States v. Lindia, 82 F.3d 1154, 1159 n.3 ___ _____________ ______ (1st Cir. 1996) (indictment alleging drug dealing "in excess" of 50 kilograms did not bar sentence based on quantity greater than 50 kilograms). Although Arroyo and several other appellants challenge the factual bases for the district court's drug quantity determinations as well, their stipulations to their base offense levels constitute admissions to the subsidiary drug quantities, see U.S.S.G. 2D1.1(c) (determining base offense ___ level according to drug quantity). See Lindia, 82 F.3d at 1159- ___ ______ 60, & 1160 n.3 (suggesting that guilty plea might preclude drug  ____________________ 6Although Arroyo offers no authority for the suggested interpretation of U.S.S.G. 6B1.1(c), our research indicates that some courts of appeals recommend, but do not require, that PSRs be made available to defendants prior to Rule 11 hearings when the applicable guideline range is unclear. See, e.g., ___ ____ United States v. Horne, 987 F.2d 833, 838-39 (D.C. Cir.), cert. _____________ _____ _____ denied, 510 U.S. 852 (1993). We discern no reason to suggest ______ _______ such a course in these circumstances, however, where the defendant knew the precise sentence he was to receive under the plea agreement. See Fed. R. Crim. P. 11(e)(1)(C).  ___ 19 quantity challenge). As the record otherwise discloses adequate factual support for the agreed-upon sentence, see Fed. R. Crim. ___ P. 11(f) (accuracy of plea), and Arroyo's remaining arguments merit no discussion, we affirm the district court judgment against him.  20 III III CONCLUSION CONCLUSION __________ The case is remanded for further proceedings, consistent with this opinion, see supra pp. 11-12, on the merits ___ _____ of the pro se plea-withdrawal motion filed by Perez, as to which ___ __ we express no opinion. Notwithstanding our confidence in the district judge who presided over these proceedings, whose conduct of the other plea-withdrawal proceedings was exemplary, we direct that the Perez matter be assigned to a different judge on remand. Mateo, 950 F.2d at 50 n.10. As the five remaining appellants _____ have demonstrated no error in their plea-withdrawal proceedings, and their remaining arguments are meritless, the district court judgments relating to those defendants are affirmed.  SO ORDERED. SO ORDERED. __________ 21 APPENDIX A APPENDIX A Appellant Guilty Plea Withdrawal Reasons Appellant Guilty Plea Withdrawal Reasons Motion Motion Arroyo 9/07/94 12/27/94, sup- Didn't under- plemented on stand plea 1/09/95 and agreement; 2/13/95. Rule 11 viola- tions; claimed innocence. Garcia 9/07/94 11/28/94 Attorney coer- cion; thought it was all or none package deal; limited education. Lopez 9/07/94 2/02/95 Mistakenly thought he had to plead guilty to both counts; inno- cent of fire- arms charge. Quintero 9/07/94 11/08/94 Attorney and familial coer- cion; innocent of firearms charge. Sanchez 9/08/94 12/09/94 Attorney coer- cion; 18 years of age; preoc- cupied with federal carjacking trial; inno- cent of drug charge. 22