[NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT
 

No. 97-2301

 UNITED STATES,

 Appellee,

 v.

LEO RODERICK, A/K/A RICHARD LELAND RODERICK, A/K/A LEO JOVANE,

 Defendant, Appellant.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. Mark L. Wolf, U.S. District Judge]

 

 Before

 Torruella, Chief Judge,
 Coffin, Senior Circuit Judge,
 and Stahl, Circuit Judge.

 

Douglas J. Beaton on brief for appellant.
Donald K. Stern, United States Attorney, Donald L. Cabell, Assistant
United States Attorney, and Karin L. Raye, Northeastern University
School of Law, on brief for appellee.

 

 May 19, 1998
 Per Curiam. Leo Roderick appeals from the district
court order revoking his supervised release and imposing a
sentence of eighteen months' imprisonment to be followed by six
months of supervised release. He challenges both the district
court's decision to revoke supervised release and, in a
supplemental pro se brief, the sentence imposed. In addition,
he contends that the district court erred in acquiescing in his
request to represent himself.
 In the brief prepared by court-appointed counsel,
Roderick raises a single issue: that the government failed to
prove by a preponderance of the evidence that Roderick violated
one of the alleged conditions of his supervised release. 
Specifically, Roderick argues that the district court erred in
admitting three letters introduced into evidence by the
government. Without that evidence, he contends, there was
insufficient proof that Roderick had violated federal law while
on supervised release by making a false statement on his
passport application.
 At a supervised release revocation hearing, "the
evidence need not satisfy the tests of admissibility set forth
in the Federal Rules of Evidence, which do not apply, . . . but
[,] evidence that does not satisfy those rules must nonetheless
be reliable." United States v. Portalla, 985 F.2d 621, 622
(1st Cir. 1993). The district court found that the letters
satisfied the Federal Rules of Evidence. Even absent that
finding, however, the letters' reliability is established by
the record. The district court was careful not to rule on the
admissibility of the letters until there was a basis for
finding that the letters were written and signed by Roderick. 
Roderick's argument, made for the first time on appeal, that
the letters could not be considered because they were admitted
after the government finished presenting its evidence has no
basis in the law. Moreover, even without the letters, there is
sufficient evidence in the record to "demonstrate that the
district court did not abuse its discretion in concluding that
the evidence 'reasonably satisfied' it that the probationer had
in fact violated" a federal law. United States v. Czajak, 909
F.2d 20, 22 (1st Cir. 1990).
 Nor do any of the issues raised in Roderick's pro se
brief entitle him to relief. The district court properly
applied the sentencing guidelines in calculating Roderick's
criminal history category at his original sentencing. That
same criminal history category applies at sentencing following
revocation. See United States Sentencing Guidelines, 7B1.4. 
The supervised release term of six months imposed by the
district court, following revocation and imposition of a prison
sentence, was well within the limits established by 18 U.S.C.
 3583(h). Finally, Roderick's suggestion that the district
court erred in permitting him to represent himself at the
revocation hearing is entirely without support. The transcript
of the hearing belies Roderick's claim that he was under the
influence of drugs. The record demonstrates that the district
court fulfilled its obligation to "address the defendant on the
record to assure that he 'knows what he is doing and [that] his
choice is made with his eyes open.'" United States v. Mateo,
950 F.2d 44, 50 (1st Cir. 1991) (quoting Faretta v. California,
422 U.S. 806, 835 (1975)). Nor did the court err in deferring
to the Marshals Service's judgment that Roderick should remain
in restraints during the hearing. See United States v. Zuber,
118 F.3d 101, 103 (2d Cir. 1997).
 The district court's order dated October 15, 1997, is
affirmed. See Loc. R. 27.1.