UNITED STATES of America, Appellee,

v.

**Juan Manuel SANCHEZ–BARRETO, Defendant, Appellant.**

UNITED STATES of America, Appellee,

v.

**Jackson QUINTERO–FIGUEROA, Defendant, Appellant.**

UNITED STATES of America, Appellee,

v.

**Jorge L. PEREZ–GARCIA, a/k/a Pito Caballo, Defendant, Appellant.**

UNITED STATES of America, Appellee,

v.

**Luis GARCIA–CRUZ, Defendant, Appellant.**

UNITED STATES of America, Appellee,

v.

**Eligio LOPEZ–AYALA, Defendant, Appellant.**

UNITED STATES of America, Appellee,

v.

**Juan Carlos ARROYO–REYES, Defendant, Appellant.**

Nos. 95–1297, 95–1299, 95–1300, 95–1303, 95–1306 and 95–1404.

United States Court of Appeals, First Circuit.

Heard April 2, 1996.

Decided Aug. 21, 1996.

José A. Pagan Nieves, with whom José A. Pagan Nieves Law Offices was on brief, for appellant Sanchez–Barreto.

Carmen R. De Jésus, for appellant Quintero–Figueroa.

* Of the District of Massachusetts, sitting by desig-

Rafael F. Castro Lang, for appellant Perez Garcia.

Lydia Lizarribar–Masini, on brief, for appellant Garcia–Cruz.

Eduardo Caballero Reyes, for appellant Lopez–Ayala.

Victor P. Miranda Corrada, for appellant Arroyo–Reyes.

Miguel A. Pereira, Assistant United States Attorney, with whom Guillermo Gil, United States Attorney, and José A. Quiles–Espinosa, Senior Litigation Counsel, were on brief, for appellee.

Before SELYA and CYR, Circuit Judges, and GERTNER,* District Judge.

CYR, Circuit Judge.

Appellants Juan Carlos Arroyo–Reyes ("Arroyo"), Luis Garcia–Cruz ("Garcia"), Eligio Lopez–Ayala ("Lopez"), Jorge Perez–Garcia ("Perez"), Jackson Quintero–Figueroa ("Quintero"), and Juan Sanchez–Barreto ("Sanchez") contend, among other things, that the district court erred in denying their requests to withdraw their guilty pleas. *See* Fed.R.Crim.P. 32(e). We remand the Sixth Amendment claim presented by Perez and affirm the district court judgments against the remaining appellants.

# I

## BACKGROUND

On March 9, 1994, a federal grand jury in Puerto Rico returned a five-count indictment charging appellants with, *inter alia*, conspiracy to distribute not less than fifty grams of cocaine base, five kilograms of cocaine, and one kilogram of heroin, in violation of 21 U.S.C. §§ 841(a)(1), 846 (1994), and with using or carrying firearms in connection with a drug offense, in violation of 18 U.S.C. § 924(c)(1) (1994). A superseding indictment alleged that appellants belonged to a twenty-six member gang that operated a "drug point" in Toa Baja, Puerto Rico, and used firearms to defend against rival gangs and

nation.

discourage honest citizens from informing the police.

Appellants initially pled not guilty to the charges. Just before trial, however, with the advice of counsel, appellants entered guilty pleas to the drug conspiracy and firearms counts and the government agreed to dismiss the remaining counts. After the district court accepted their guilty pleas, and before sentencing, *see* Appendix A, appellants sought to withdraw their pleas. *See* Fed. R.Crim.P. 32(e) ("If a motion to withdraw a plea of guilty ... is made before sentence is imposed, the court may permit the plea to be withdrawn if the defendant shows any fair and just reason."). The district court denied their motions and imposed sentences consistent with their respective plea agreements.

## II

## *DISCUSSION*

### A. *The Perez Appeal*

Perez claims that he was denied effective assistance of counsel at the hearing on his *pro se* motion to withdraw his guilty plea. *See* U.S. Const. amend. VI. The government responds that Perez (1) did not ask the court to appoint new counsel, and (2) has not shown that appointed counsel, José R. Aguayo, Esquire, labored under an actual conflict of interest within the meaning of *United States v. Soldevila–Lopez*, 17 F.3d 480 (1st Cir.1994).

### 1. *Waiver*

■■■ The Sixth Amendment right to effective assistance of counsel inheres at all "critical stages" of a criminal proceeding unless competently waived. *United States v. Mateo*, 950 F.2d 44, 47 (1st Cir.1991). A plea withdrawal hearing is a "critical stage" in the criminal proceeding. *United States v. Crowley*, 529 F.2d 1066, 1069 (3d Cir.), *cert. denied*, 425 U.S. 995, 96 S.Ct. 2209, 48 L.Ed.2d 820 (1976). The right to counsel is not contingent upon a request by the defendant; rather, "we presume that the defendant requests the lawyer's services at every critical stage of the prosecution." *Michigan v. Jackson*, 475 U.S. 625, 633 & n. 6, 106 S.Ct. 1404, 1409 & n. 6, 89 L.Ed.2d 631 (1986). In all

events, Perez requested counsel at the outset, and the district court appointed José R. Aguayo, Esquire.

Thus, contrary to the government's suggestion, nothing in the record remotely indicates that Perez knowingly and voluntarily waived his Sixth Amendment right to counsel at the plea withdrawal hearing. *Compare United States v. Saccoccia*, 58 F.3d 754, 771–72 (1st Cir.1995) (defendant repeatedly waived representation by conflict-free counsel), *cert. denied*, —— U.S. ——, 116 S.Ct. 1322, 134 L.Ed.2d 474 (1996); *see also United States v. Betancourt–Arretuche*, 933 F.2d 89, 92 (1st Cir.) (discussing waiver elements), *cert. denied*, 502 U.S. 959, 112 S.Ct. 421, 116 L.Ed.2d 441 (1991). Finding no waiver, we next consider whether Perez has demonstrated that court-appointed counsel failed to afford effective assistance at the plea withdrawal hearing.

### 2. *Conflict of Interest*

The government contends that Perez must demonstrate "an actual conflict of interest adversely affect[ing] his lawyer's performance." *Soldevila–Lopez*, 17 F.3d at 486 (quoting *Cuyler v. Sullivan*, 446 U.S. 335, 348, 100 S.Ct. 1708, 1718, 64 L.Ed.2d 333 (1980)). Thus, the government says, Perez was required to show that court-appointed counsel could have pursued a plausible alternative tactic or strategy were it not for an inherent conflict of interest or other loyalties that caused him not to do so. *Id.; Guaraldi v. Cunningham*, 819 F.2d 15, 17 (1st Cir. 1987).

We noted in *Soldevila–Lopez* that "[c]ourts have recognized actual conflicts of interest between an attorney and his client when pursuit of a client's interests would lead to evidence of an attorney's malpractice." *Soldevila–Lopez*, 17 F.3d at 486 (citing *United States v. Ellison*, 798 F.2d 1102, 1106–08 (7th Cir.1986), *cert. denied*, 479 U.S. 1038, 107 S.Ct. 893, 93 L.Ed.2d 845 (1987), and *Mathis v. Hood*, 937 F.2d 790, 795 (2d Cir.1991)). The absence of any malpractice or ethics complaint in *Soldevila–Lopez* nonetheless led us to conclude that a conflict-of-interest finding should not be based solely on an inference that the client might have benefited had

defense counsel raised the client's mental incompetency claim prior to trial. *Id.* at 486–87.

The government's contention that Perez' Sixth Amendment claim is indistinguishable from that in *Soldevila–Lopez* is untenable, since Perez plainly alleged facts amounting to malpractice, if found to be true. That is, the Perez motion to withdraw his guilty plea alleged that Aguayo had pressured him into pleading guilty at the earlier Rule 11 change-of-plea hearing in order to "hide [Aguayo's] lack of preparation" for trial. Perez further alleged that Aguayo had not made even "minimum" efforts to "act as his counsel or defender" and was only interested in a fee, *but see infra* note 1, thus leaving no doubt that Perez *wanted* replacement counsel.

In *United States v. Ellison,* 798 F.2d 1102 (7th Cir.1986), *cert. denied,* 479 U.S. 1038, 107 S.Ct. 893, 93 L.Ed.2d 845 (1987), the district court was presented with a virtually identical situation in which the defendant had filed a *pro se* motion to withdraw a guilty plea, alleging that court-appointed counsel had persuaded him to forgo trial (despite Ellison's assertions of innocence) because counsel "did not want to make waves with the federal prosecutors with whom he would be working in the future." *Id.* at 1106. The district court neither appointed new counsel nor obtained a competent waiver, but instead rejected the plea-withdrawal motion because defense counsel denied Ellison's accusations at the plea-withdrawal hearing.

The Seventh Circuit held that defense counsel's "representation" at the plea-withdrawal hearing did not meet the Sixth Amendment minima:

> First, counsel was not able to pursue his client's best interests free from the influence of his concern about possible self-incrimination.... [I]f the allegations in defendant's motion were true, his actions would be tantamount to malpractice. Any contention by counsel that defendant's allegations were not true would (and did) contradict his client. In testifying against his client, counsel acted as both counselor and witness for the prosecution. These roles are inherently inconsistent.

*Id.* at 1107 (citation omitted); *see also Lopez v. Scully,* 58 F.3d 38, 41 (2d Cir.1995) (holding that a *pro se* motion to withdraw a guilty plea based on alleged attorney coercion created an actual conflict of interest). The identical logic fully warrants the conclusion that Aguayo may have been laboring under an actual conflict of interest at the hearing on the *pro se* plea-withdrawal motion, which alleged that Aguayo had coerced Perez' guilty plea in order to conceal his unpreparedness for trial. Nevertheless, we think the appropriate course in this case is to remand for further factfinding on the merits of the Perez allegations against Aguayo.

As we recognized in *Soldevila–Lopez,* 17 F.3d at 486, a claim that counsel was disabled by an actual conflict of interest at a critical stage in the criminal proceeding amounts to an ineffective assistance claim not normally appropriate for consideration on direct appeal. *See United States v. Natanel,* 938 F.2d 302, 309 (1st Cir.1991), *cert. denied,* 502 U.S. 1079, 112 S.Ct. 986, 117 L.Ed.2d 148 (1992). Moreover, the district court record is not "sufficiently developed to allow reasoned consideration" of the merits of the *pro se* plea-withdrawal motion itself, *Soldevila–Lopez,* 17 F.3d at 486 (quoting *Natanel,* 938 F.2d at 309), since its underlying conflict-of-interest allegations against Aguayo were never subjected to factfinding in the district court.

The district court failed to determine, in the first instance, whether Perez had made "an intelligent and competent waiver" of his Sixth Amendment right to counsel before the court proceeded to hear the plea-withdrawal motion with Perez acting *pro se. See Mateo,* 950 F.2d at 47. Instead, it opened the plea-withdrawal hearing with questions to Aguayo about the *pro se* plea-withdrawal motion. Whereupon Aguayo extolled the benefits of the plea agreement, stated that there were no errors in the earlier Rule 11 plea colloquy conducted by the district court, nor bases in law for Perez' *pro se* plea-withdrawal motion, and, in all events, that Perez was better off with the plea bargain, given the unlikelihood that he could prevail at trial. Summing up, Aguayo stated: "I really don't understand why [Perez] wants to withdraw [the plea agreement]." *Compare United States v.*

*Daniel*, 962 F.2d 100, 102 (1st Cir.1992) (attorney argued vigorously and successfully for client after raising potential conflict). Whatever their independent merit,[1] the views expressed by Aguayo at the plea-withdrawal hearing directly contradicted the position advocated by Perez in the *pro se* motion to withdraw his guilty plea. Thus, the Rule 32(e) hearing record leaves no doubt that Perez was left to fend for himself, *without* representation by counsel. *But see Crowley*, 529 F.2d at 1069 (plea withdrawal hearing is "critical stage" in criminal proceeding). Consequently, Perez was denied effective assistance at the plea-withdrawal hearing. *See Soldevila–Lopez*, 17 F.3d at 486; *Ellison*, 798 F.2d at 1106–08.

In many instances a trial court may have no reason to question whether counsel's personal or professional interests might preclude "effective assistance" to the defendant. In such circumstances, fair and efficient criminal justice may depend in significant part upon the ethical obligation of defense counsel to inform the court whenever a conflict of interest arises in the course of the proceedings. *Guaraldi*, 819 F.2d at 18.[2] On the other hand, when the trial court learns or has reason to know that there is a colorable conflict, it should initiate an appropriate inquiry to safeguard the accused's Sixth Amendment rights. *Soldevila–Lopez*, 17 F.3d at 487; *United States v. Allen*, 789 F.2d 90, 92 (1st Cir.) ("Where the accused voices objection to appointed counsel, the trial court should inquire into the reasons for the dissatisfaction."), *cert. denied*, 479 U.S. 846, 107 S.Ct. 164, 93 L.Ed.2d 103 (1986); *see generally* 2 Wayne R. LaFave & Jerold H. Israel, *Criminal Procedure* § 11.4(b), at pp. 36–37

(1984) (replacement of appointed counsel); *cf.* Fed.R.Crim.P. 44(c) (mandating inquiry into joint representation).

Given the clarity and specificity of the malpractice allegations in the *pro se* plea-withdrawal motion filed by Perez, and Aguayo's *sua sponte* attempt to terminate his representation at the outset of the plea-withdrawal hearing, the appropriate course for the district court was to resolve the factual dispute in keeping with the adversarial nature of the plea-withdrawal request. Moreover, absent a proper waiver of the Sixth Amendment right to counsel, and a knowing and voluntary election to proceed *pro se* on the Rule 32(e) motion, *see Ellison*, 798 F.2d at 1108–09; *United States v. Wadsworth*, 830 F.2d 1500, 1510–11 (9th Cir.1987), appointment of replacement counsel was the only appropriate course. As the hearing transcript plainly demonstrates, the failure to conduct the required factual inquiry resulted in an unconstitutional breakdown in the adversarial process, which compels a remand for further proceedings. *See Cuyler*, 446 U.S. at 349–50, 100 S.Ct. at 1718–19 (rejecting harmless error analysis).

On remand, the district court shall appoint replacement counsel for Perez at a plea-withdrawal hearing reconvened for factfinding purposes to determine the merits of Perez' allegations against Aguayo, so as to enable its ultimate determination whether the guilty plea itself was rendered involuntary by a violation of Perez' Sixth Amendment right to counsel at all critical stages of the proceeding. *See Hill v. Lockhart*, 474 U.S. 52, 56, 106 S.Ct. 366, 369, 88 L.Ed.2d 203 (1985)

1. The record discloses cause for Aguayo's concerns for his client (and for the district court's concern as well) since upon conviction Perez would face a ninety-year *minimum* term of imprisonment, rather than the seventeen-year *maximum* term negotiated for him under the plea agreement.

2. Were there any substance to Perez' allegations against Aguayo, a matter yet to be addressed by the district court, D.P.R. Loc. R. 211.4 would appear to have required that Aguayo observe *Model Rule of Professional Conduct* 1.7(b), prohibiting representation where personal or professional interests materially restrict counsel's free-

dom of action in support of a client's interests. *See also id.* Rule 1.16(a)(1) (imposing duty to terminate representation). In all events, at the outset of the plea-withdrawal hearing, Aguayo promptly indicated that he intended to withdraw as counsel. The district court nonetheless proceeded with the hearing, took no action on Aguayo's withdrawal suggestion and, for all intents and purposes, continued to treat Aguayo as Perez' counsel, without first determining the disputed facts underlying the Perez allegations against Aguayo. Thus, the linchpin to the ineffective assistance claim—whether Aguayo in fact labored under a conflict of interest—has yet to be subjected to factfinding.

(ineffective assistance during bargaining may render plea involuntary).

## B. *The Plea Withdrawal Motions by the Remaining Defendants*

 We now turn to the claims advanced by the remaining defendants. Under the well-established framework for evaluating plea-withdrawal motions, the district court considers all the circumstances, with particular attention to four prominent factors:

(1) the plausibility of the reasons prompting the requested change of plea; (2) the timing of the defendant's motion; (3) the existence or nonexistence of an assertion of innocence; and (4) whether, when viewed in the light of emergent circumstances, the defendant's plea appropriately may be characterized as involuntary, in derogation of the requirements imposed by Fed. R.Crim.P. 11, or otherwise legally suspect.

*United States v. Parrilla–Tirado*, 22 F.3d 368, 371 (1st Cir.1994) (footnote omitted). If the defendant carries the burden of persuasion on these four criteria, the district court may still decline to allow the plea to be withdrawn if it would unfairly prejudice the government. *United States v. Doyle*, 981 F.2d 591, 594 (1st Cir.1992). Moreover, absent a demonstrable abuse of discretion, we will not reverse a district court decision granting or denying a request to withdraw a guilty plea filed before sentencing. *United States v. Martinez–Molina*, 64 F.3d 719, 732 (1st Cir.1995).

### 1. *Voluntariness*

 The most prominent single factor—whether these pleas were knowing, voluntary, and intelligent, within the meaning of Criminal Rule 11(d), *United States v. Cotal–Crespo*, 47 F.3d 1, 3 (1st Cir.), *cert. denied*, — U.S. —, 116 S.Ct. 94, 133 L.Ed.2d 49 (1995)—does not favor these appellants. We have found no abuse of discretion in disallowing plea withdrawal motions where Rule 11 safeguards were scrupulously followed by the district court. *See, e.g., United States v. Austin*, 948 F.2d 783, 787 (1st Cir.1991). These appellants uniformly have failed to identify any defect in their Rule 11 plea colloquies. Rather, appellants contend that their pleas were rendered involuntary by their attorneys' recommendations to accept the plea bargains offered by the government on the morning trial was scheduled to begin. Their contentions are meritless.

Special Rule 11 requirements have been designed to minimize the significant risk that "involuntary" guilty pleas may be tendered in response to "package plea bargain" offers from the government. *See Martinez–Molina*, 64 F.3d at 732–34. The Rule 11 hearing transcripts in this case disclose that each appellant repeatedly informed the district court that his guilty plea had not been coerced by *anyone*, thereby substantiating the threshold voluntariness determination for Rule 11(d) purposes. *United States v. Martinez–Martinez*, 69 F.3d 1215, 1223 (1st Cir. 1995) (inquiring whether *anyone* has coerced the plea satisfies Rule 11), *cert. denied*, — U.S. —, 116 S.Ct. 1343, 134 L.Ed.2d 492 (1996); *compare Martinez–Molina*, 64 F.3d at 733–34 (inquiry restricted to *prosecutorial* coercion insufficient). Consequently, without more, their general allegations of coercion, based on the imminence of trial or conflict-free defense counsel's enthusiasm for the negotiated plea bargain, are insufficient to establish an abuse of discretion. *Austin*, 948 F.2d at 786–87 (noting that court has discretion to refuse withdrawal of "eleventh hour" plea).

### 2. *Timing*

The delays in filing their Rule 32(e) motions likewise handicap appellants' challenges. *See* Appendix A. Even a request filed prior to sentencing, *United States v. Isom*, 85 F.3d 831, 838–39 (1st Cir.1996), must meet the challenge that "the longer a defendant waits before moving to withdraw his plea, the more potency his motion must have in order to gain favorable consideration." *Parrilla–Tirado*, 22 F.3d at 373. These appellants, on the other hand, offer neither plausible grounds for withdrawing their pleas, nor explanations for their extended delays in filing Rule 32(e) motions. *See Doyle*, 981 F.2d at 595 ("the timing of a defendant's attempted plea withdrawal is highly probative of motive"); *United States*

*v. Ramos*, 810 F.2d 308, 312 (1st Cir.1987) (contemplating change of heart *within days* of plea). Thus, the district court soundly concluded that their belated plea-withdrawal motions substantially weakened appellants' claims that their guilty pleas resulted from confusion or coercion.

### 3. *Claims of Innocence*

■■■■ Their belated claims of innocence likewise fail to tilt the balance. The district judge is better positioned to determine whether claims of innocence are credible. *See Parrilla-Tirado*, 22 F.3d at 371. Defendants freely admitted their guilt during the flawless Rule 11 proceedings conducted below, and the subsequent Rule 32(e) hearing record evinces only weak and implausible assertions of innocence.[3] The district court need not credit bare protestations of legal innocence. *Isom*, 85 F.3d at 839.[4]

■■■■ Once again we emphasize: there is no absolute right to withdraw a guilty plea, *Austin*, 948 F.2d at 786; the decision is left to the sound discretion of the trial court. *Parrilla-Tirado*, 22 F.3d at 371 (noting that district judges possess special insight into the dynamics of their cases). Thus, the totality of the circumstances fully supports the rulings that these appellants presented no fair and just reason to vacate their pleas. No more was required. *Isom*, 85 F.3d at 839 (failure to show good cause for withdrawal obviates prejudice-to-government inquiry).

### C. *The Arroyo Sentence*

■■■■ For the first time, Arroyo contends that the district court violated U.S.S.G.

§ 6B1.1(c) by allowing him to *plead* guilty before it considered his presentence report ("PSR").[5] As Arroyo concedes, however, the failure to raise this claim below mandates "plain error" review. *See* Fed.R.Crim.P. 52(b); *see also United States v. Olano*, 507 U.S. 725, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).

The flaw in Arroyo's position is that he offers no reason for equating acceptance of his *guilty plea* with the acceptance of a *plea agreement* under § 6B1.1(c). *See United States v. Ewing*, 957 F.2d 115, 118 (4th Cir.) (rejecting similar argument), *cert. denied*, 505 U.S. 1210, 112 S.Ct. 3008, 120 L.Ed.2d 882 (1992). Arroyo entered a guilty plea on September 7, 1994, and, in accordance with Fed.R.Crim.P. 11(e)(2) (permitting district court to defer decision to accept or reject Rule 11(e)(1)(C) plea agreements), the district court announced that its acceptance of the plea agreement was conditioned upon its review of the PSR. *See United States v. Johnson*, 53 F.3d 831, 832–33 (7th Cir.1995) (finding, on similar facts, that defendant had not been sentenced at Rule 11 hearing). A PSR was submitted to the district court in timely fashion prior to sentencing on February 13, 1995. At the sentencing, the district court found that the agreed sentence was within the applicable guideline range, *see* U.S.S.G § 6B1.2(c)(1), accepted the plea agreement, *see Ewing*, 957 F.2d at 118, and imposed the sentence prescribed in the plea agreement.

Moreover, Arroyo has not squared his view of § 6B1.1(c) with Fed.R.Crim.P. 32(b)(3),

---

3. *See Ramos*, 810 F.2d at 313 (rejecting "self-serving, unsupported claim of innocence raised judicially for the first time after the Rule 11 hearing"). Here, Sanchez admitted using firearms, but denied the drug charge, whereas Quintero admitted selling a small quantity of cocaine, but denied the firearm charge. Lopez sought to withdraw his plea to the firearm charge. Garcia asserted no claim of innocence. Confronted with a group photograph, in which several codefendants were depicted brandishing firearms, Arroyo claimed the guns were toys.

4. Although our cases occasionally list an additional factor to be considered—whether the parties reached or breached a plea agreement, *Isom*, 85 F.3d at 834; *United States v. Pellerito*, 878 F.2d 1535, 1537 (1st Cir.1989), *cert. denied*, 502

U.S. 862, 112 S.Ct. 184, 116 L.Ed.2d 145 (1991)—as a general rule we do not conduct the typical Rule 32 analysis in cases involving alleged plea agreement breaches. *See, e.g., United States v. Velez Carrero*, 77 F.3d 11 (1st Cir.1996). In all events, the government kept its end of the bargain with appellants.

5. Unless it finds a PSR unnecessary, *see* U.S.S.G. § 6A1.1 & Fed.R.Crim.P. 32(b)(1), the district court is expected to "defer its decision to accept or reject ... any *plea agreement* pursuant to Rules 11(e)(1)(A) and 11(e)(1)(C) until there has been an opportunity to consider the [PSR]...." U.S.S.G. § 6B1.1(c) (emphasis added). Arroyo and the government reached a plea agreement under Criminal Rule 11(e)(1)(C), providing for a specific sentence.

which prohibits submission of a PSR until the defendant has pleaded or been found guilty, unless the defendant consents in writing. The overarching purpose served by the PSR is to assist the district court at *sentencing. See* U.S.S.G. § 6A1.1 & Fed.R.Crim.P. 32(b)(1) (requiring completed PSR "before the sentence is imposed"). Nor are we persuaded that the district court erred. *But see Olano,* 507 U.S. at 732–33, 113 S.Ct. at 1776–77 (appellant must establish "error" under Rule 52(b)).[6]

■ Finally, we reject the frivolous argument that the indictment barred Arroyo from stipulating to the base offense level specified in the plea bargain. Arroyo pled guilty to conspiring to distribute "not less" than fifty grams of cocaine base, five kilograms of cocaine, and one kilogram of heroin. By its plain language, the indictment set no upper limit on drug quantity. *See United States v. Lindia,* 82 F.3d 1154, 1159 n. 3 (1st Cir.1996) (indictment alleging drug dealing "in excess" of 50 kilograms did not bar sentence based on quantity greater than 50 kilograms). Although Arroyo and several other appellants challenge the factual bases for the district court's drug quantity determinations as well, their stipulations to their base offense levels constitute admissions to the subsidiary drug quantities, *see* U.S.S.G. § 2D1.1(c) (determin-ing base offense level according to drug quantity). *See Lindia,* 82 F.3d at 1159–60, & 1160 n. 3 (suggesting that guilty plea might preclude drug quantity challenge). As the record otherwise discloses adequate factual support for the agreed-upon sentence, *see* Fed.R.Crim.P. 11(f) (accuracy of plea), and Arroyo's remaining arguments merit no discussion, we affirm the district court judgment against him.

## III

### *CONCLUSION*

The case is remanded for further proceedings, consistent with this opinion, *see supra* pp. 22–23, on the merits of the *pro se* plea-withdrawal motion filed by Perez, as to which we express no opinion. Notwithstanding our confidence in the district judge who presided over these proceedings, whose conduct of the other plea-withdrawal proceedings was exemplary, we direct that the Perez matter be assigned to a different judge on remand. *Mateo,* 950 F.2d at 50 n. 10. As the five remaining appellants have demonstrated no error in their plea-withdrawal proceedings, and their remaining arguments are meritless, the district court judgments relating to those defendants are affirmed.

*SO ORDERED.*

### APPENDIX A

| Appellant | Guilty Plea | Withdrawal Motion | Reasons |
|---|---|---|---|
| Arroyo | 9/07/94 | 12/27/94, supplemented on 1/09/95 and 2/13/95. | Didn't understand plea agreement; Rule 11 violations; claimed innocence. |
| Garcia | 9/07/94 | 11/28/94 | Attorney coercion; thought it was all or none package deal; limited education. |

---

**6.** Although Arroyo offers no authority for the suggested interpretation of U.S.S.G. § 6B1.1(c), our research indicates that some courts of appeals recommend, but do not require, that PSRs be made available to defendants prior to Rule 11 hearings when the applicable guideline range is unclear. *See, e.g., United States v. Horne,* 987 F.2d 833, 838–39 (D.C.Cir.), *cert. denied,* 510 U.S. 852, 114 S.Ct. 153, 126 L.Ed.2d 115 (1993). We discern no reason to *suggest* such a course in these circumstances, however, where the defendant knew the precise sentence he was to receive under the plea agreement. *See* Fed.R.Crim.P. 11(e)(1)(C).

| | | | |
|---|---|---|---|
| Lopez | 9/07/94 | 2/02/95 | Mistakenly thought he had to plead guilty to both counts; innocent of firearms charge. |
| Quintero | 9/07/94 | 11/08/94 | Attorney and familial coercion; innocent of firearms charge. |
| Sanchez | 9/08/94 | 12/09/94 | Attorney coercion; 18 years of age; preoccupied with federal carjacking trial; innocent of drug charge. |