1998 ME 223

**STATE of Maine**

v.

**Lloyd Franklyn MILLETT.**

Supreme Judicial Court of Maine.

Argued Sept. 9, 1998.

Decided Oct. 2, 1998.

Andrew Ketterer, Attorney General, Donald W. Macomber (orally), Thomas Goodwin, Asst. Attys. Gen., Augusta, for the State.

Leonard I. Sharon (orally) Sharon, Leary & DeTroy, Auburn, Mary Beth Crocket, York Beach, for defendant on appeal.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, and CALKINS, JJ.

WATHEN, Chief Justice.

[¶ 1] Defendant Lloyd Franklyn Millett appeals from judgments of conviction on two counts of murder (Androscoggin County, *Delahanty, J.*) (17–A M.R.S.A. § 201(1)(A) (1983)) entered on his pleas of guilty. Defendant argues on appeal that the court erred in denying his initial motion to remove his court-appointed attorney and his subsequent motion to withdraw his guilty pleas. Finding no error, we affirm the judgments.

[¶ 2] The relevant facts may be summarized as follows: Defendant was indicted in 1995 for two counts of murder. Having been found indigent, he requested and received representation by an experienced court-appointed attorney. Defense counsel filed numerous pretrial motions on his behalf, such as a motion for the allowance of funds to hire a private investigator, and a motion to defer mental evaluation, both of which were granted. He also filed a motion for relief from prejudicial joinder and for separate trials, which was denied.

[¶ 3] With trial scheduled for January 6, 1997, defendant filed a pro se motion on December 24, 1996 to remove his counsel. On January 3, the court heard defendant's motion and denied it. On the day of trial, prior to jury selection, defendant entered guilty pleas to both counts of murder.

[¶ 4] On April 30, defendant filed a motion to withdraw his guilty pleas and moved for appointment of new counsel. After denying his request to withdraw his pleas of guilty, the court granted his request for a substitute counsel. Represented by new counsel, defendant subsequently was sentenced and this appeal followed.

[¶ 5] We conclude that the court did not abuse its discretion in denying defendant's initial motion to remove his attorney. *See State v. Goodine,* 587 A.2d 228, 229 (Me. 1991). As we have previously stated, a defendant's assertion that his attorney is unprepared for trial is not sufficient in and of itself to establish that he was denied his constitutional right of representation. *See State v. Stinson,* 424 A.2d 327, 331 (Me.1981). The court did not abuse its discretion in finding that, contrary to defendant's bald assertion that "I just think he isn't ready," defendant's attorney was familiar with both the facts and legal issues of the case and had engaged in significant pretrial proceedings and preparation.

[¶ 6] Further, we find that the court did not abuse its discretion in denying defendant's later motion to withdraw his guilty pleas. *See State v. Malo,* 577 A.2d 332, 333 (Me.1990). Defendant does not argue that there were any specific deficiencies in the hearing held in accordance with M.R.Crim.P. 11 concerning the acceptance of his pleas, only that the hearing was tainted by his relationship with counsel, and that therefore the hearing was merely a "ritual." Our review of the Rule 11 hearing, however, demonstrates that the court properly addressed defendant in open court concerning the necessary prerequisites to accepting the pleas.

On the basis of defendant's responses, the court found that the pleas were made knowingly, that the pleas were the product of defendant's free choice, and that there was a factual basis for the charges. In denying his motion to withdraw his pleas, the court properly considered "the length of time between entering the plea and attempting to withdraw it, the potential prejudice to the prosecution, [and] the defendant's assertions of innocence." *Id.* (citations omitted).

[¶ 7] Finally, defendant argues on appeal that the court should have substituted counsel before it heard his motion to withdraw the guilty pleas. Although we recognize that an actual conflict of interest between an attorney and client may result in a denial of adequate representation, there is no conflict of interest demonstrated in this case. The First Circuit has noted that " '[c]ourts have recognized actual conflicts of interest between an attorney and his client when pursuit of a client's interests would lead to evidence of an attorney's malpractice.' " *United States v. Sanchez–Barreto*, 93 F.3d 17, 20 (1st Cir.1996) (citations omitted). In *Sanchez–Barreto*, the court stated that defendant plainly alleged facts amounting to malpractice, if found to be true, that is, defendant alleged in his motion to withdraw his guilty plea that his attorney pressured him into pleading guilty to "hide [the attorney's] lack of preparation" for the trial. *Id.* at 21. The court also noted that, because the same attorney at the hearing on defendant's motion to withdraw his guilty plea extolled the benefits of the plea agreement, stated there were no errors in the Rule 11 plea colloquy, stated there were no bases in law for his client's plea-withdrawal motion, stated that the client was better off with the plea agreement, and that he did not understand why his client wanted to withdraw his plea, the client was left to fend for himself at hearing and thus was denied effective assistance of counsel at the hearing. *Id.* at 21–22.

■ [¶ 8] Unlike *Sanchez–Barreto*, defendant in this case did not allege as the basis of his motion to withdraw his guilty plea that his attorney had pressured him to enter the plea to cover up his incompetence; rather, as the court noted,

[i]n reviewing the transcript as a whole and the record as a whole, the court found, and I have an independent recollection of this, that the defendant showed no hesitancy in entering his plea at that time. In fact, he was the one who told his attorney to inform the court that he wanted to change his plea on the day that the jury was present to begin the trial. In fact, my recollection is that [his attorney] showed more reluctance to that than the defendant did.

Moreover, defendant's attorney argued forcefully on defendant's behalf in support of his motion to withdraw his guilty pleas. Defendant fails to establish even a colorable conflict of interest between him and his attorney. Accordingly, the court did not err in failing to appoint new counsel before hearing defendant's motion to withdraw his guilty pleas.

The entry is:

Judgments affirmed.