[NOT FOR PUBLICATION - NOT TO BE CITED AS PRECEDENT]

 United States Court of Appeals
 For the First Circuit
 

No. 98-1091

 UNITED STATES OF AMERICA,

 Appellee,

 v.

 JORGE J. SOLANO-MORETA,
 a/k/a WES, a/k/a CABALLO, a/k/a PEDRO,

 Defendant, Appellant.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF PUERTO RICO

 [Hon. Salvador E. Casellas, U.S. District Judge]

 

 Before

 Torruella, Chief Judge,
Hall, Senior Circuit Judge, 
 and Lynch, Circuit Judge.

 

 Rafael Anglada-Lpez for appellant.
 Miguel A. Pereira, Assistant U.S. Attorney, with whom
Guillermo Gil, U.S. Attorney, was on brief, for appellee. 

 

 December 1, 1998
 
 LYNCH, Circuit Judge. Jorge J. Solano-Moreta
contends, among other things, that the district court erred in
denying his requests to withdraw his guilty plea. We affirm his
conviction.
 I
 On June 7, 1995, thirty-seven defendants, including
Solano-Moreta, were indicted in connection with a violent drug
conspiracy. On May 29, 1996, the day that he was scheduled to
go to trial, Solano-Moreta, the alleged leader of the
organization, pled guilty to engaging in a continuing criminal
enterprise in violation of 21 U.S.C. 848(a) and (b) and to
carrying firearms in relation to a drug trafficking crime in
violation of 18 U.S.C. 924(c)(1) and (2).
 Ultimately, only eight of the defendants went to
trial. On August 8, 1996, the jury convicted three of these
defendants and acquitted five.
 Solano-Moreta filed a motion to withdraw his guilty
plea in early December 1996, asserting that an agreement outside
the bounds of the plea agreement had induced his plea and that
his former counsel had not moved to challenge audiotapes or
explained the plea agreement fully. The court held evidentiary
hearings on December 19 and December 27, 1996 and denied the
motion on January 23, 1997.
 When Solano-Moreta appeared for sentencing, he again
informed the court that he wished to withdraw his plea; with the
assistance of new counsel, another motion to that effect was
filed on May 21, 1997. In addition to requesting
reconsideration of the court's previous rulings, this motion
added further claims of involuntariness, claimed that previous
counsel had an unexplored conflict of interest, and asserted
that the indictment was defective. On December 10, 1997, after
yet another evidentiary hearing, the motion was denied.
 Pursuant to the terms of a Federal Rule of Criminal
Procedure 11(e)(1)(C) plea agreement, which the court accepted
at sentencing, Solano-Moreta was sentenced to 540 months
imprisonment.
 II
 Solano-Moreta focuses his arguments on appeal on the
district court's denial of his plea withdrawal motions. In
considering whether a defendant has made an affirmative showing
of a "fair and just reason" for withdrawal of a guilty plea
before sentencing, Fed. R. Crim. P. 32(e), the district court
must consider all of the circumstances, focusing particularly on
the plausibility of the reasons prompting the change of plea,
the timing of the defendant's motion, the existence or
nonexistence of an assertion of innocence, and whether the plea
"appropriately may be characterized as involuntary, in derogation
of the requirements imposed by Fed. R. Crim. P. 11, or otherwise
legally suspect." United States v. Sanchez-Barreto, 93 F.3d 17,
23 (1st Cir. 1996), cert. denied, 117 S. Ct. 711 (1997); see
also United States v. Pellerito, 878 F.2d 1535, 1537 (1st Cir.
1989). If these factors tilt in favor of the defendant, the
court must also assess the prejudice to the government. SeeUnited States v. Parrilla-Tirado, 22 F.3d 368, 371 (1st Cir.
1994).
 A district court's ruling on such a motion is reviewed
only for "demonstrable abuse of discretion." Sanchez-Barreto, 93
F.3d at 23. In addition, "[t]he trial court's subsidiary
factfinding in connection with plea-withdrawal motions can be
set aside only for clear error." Pellerito, 878 F.2d at 1538.
 As a preliminary matter, although Solano-Moreta makes
numerous allegations that ineffective assistance by two of his
three previous counsel prevented him from withdrawing his plea
or from going to trial in the first instance, we decline to
address the ineffective assistance claim on direct appeal. The
district court ruled on some of Solano-Moreta's specific claims
of ineffectiveness and made factual findings relevant to the
performance of counsel in the course of deciding the motions for
withdrawal of the guilty pleas. Nevertheless, we conclude after
a careful review that the record on the various ineffective
assistance claims is not fully developed. (We note, as well,
that Solano-Moreta has not aided matters by presenting several
of his arguments on this topic to this Court in a cursory
manner.) Accordingly, we decline to address the ineffective
assistance claims. See United States v. Tuesta-Toro, 29 F.3d
771, 776 (1st Cir. 1994) ("Ordinarily, a collateral proceeding
. . . is the proper forum for fact-bound ineffective assistance
claims.").
 Putting these claims aside, then, we find that the
district court did not abuse its discretion in denying Solano-
Moreta's motions to withdraw his guilty plea. The court
determined in two well-reasoned written opinions that all of the
relevant factors weighed against permitting withdrawal. The
court found that Solano-Moreta's plea was fully voluntary and
that his reasons for withdrawal were implausible. The court
specifically held that no outside agreement binding on the
government existed (and that, even if Solano-Moreta's counsel
told him otherwise, any reliance on those statements was not
reasonable); that there was no support in the record for his
claim that the indictment was defective; that he understood the
plea agreement; and that there was no showing that his
competence to plead was affected by prescription medication or
any physical or psychological condition. The court also found
that Solano-Moreta's requests to counsel to move for withdrawal
immediately after his guilty plea did not somehow cure his
unreasonable delay in filing his motion, since, even if he
"considered [moving for withdrawal] . . . prior to December 1996,
it was always disregarded [as] he explored a more convenient
path or legal strategy." Finally, the court declined to credit
any claim of innocence based on its observation that Solano-
Moreta had perjured himself.
 Solano-Moreta repeats here many of the same arguments
he advanced to the district court, but he provides no basis for
this court to question the district court's factual findings or
its weighing of the factors. "Confronted with an attempt at
plea retraction, the trial judge must make an idiocratic,
particularistic, factbound assessment -- an assessment which is
facilitated because the judge has overseen pretrial proceedings,
conducted the Rule 11 inquiries, accepted the original guilty
plea, and heard at first hand the reasons bearing on its
withdrawal." Pellerito, 878 F.2d at 1538. Many of the findings
at issue here are based on the district court's observation of
the demeanor of the defendant and the credibility of various
witnesses. In this case, we will not second-guess these first-
hand observations, especially since the district court's
consideration of Solano-Moreta's claims was particularly careful
and thorough.
 Finally, we also reject Solano-Moreta's challenge to
the district court's acceptance of his plea agreement at
sentencing. "Before accepting a plea agreement that contains a
specific sentence under Fed. R. Crim. P. 11(e)(1)(C), a
sentencing court is required to satisfy itself either that: 
'the agreed sentence is within the applicable guideline range;
or (2) the agreed sentence departs from the applicable guideline
range for justifiable reasons.'" United States v. Carrozza, 4
F.3d 70, 87 (1st Cir. 1993) (quoting U.S.S.G. 6B1.2(c)). 
Ignoring the second of the two options provided by 6B1.2(c) of
the guidelines, Solano-Moreta rests his challenge on the bare
assertion that the stipulated sentence exceeded the guideline
range set forth in the pre-sentence report. Accordingly, he has
made no showing that the district court erred in accepting the
plea agreement and imposing the 540-month sentence that he
acceded to when he signed it. Nor has he made any showing that
the court erred in refusing to "mitigat[e]" his sentence.
 We have considered all of defendant's arguments
properly presented on direct appeal and find them without merit. 
Defendant's conviction is affirmed.