[NOT FOR PUBLICATION - NOT TO BE CITED AS PRECEDENT]

 United States Court of Appeals
 For the First Circuit
 

No. 98-1092

 UNITED STATES OF AMERICA,

 Appellee,

 v.

 YAMIL SERRANO-DELGADO,

 Defendant, Appellant.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF PUERTO RICO

 [Hon. Salvador E. Casellas, U.S. District Judge]

 

 Before

 Torruella, Chief Judge,
Hall, Senior Circuit Judge, 
 and Lynch, Circuit Judge.

 

 Bruce J. McGiverin for appellant.
 Miguel A. Pereira, Assistant U.S. Attorney, with whom
Guillermo Gil, U.S. Attorney, Jos A. Quiles-Espinosa, Senior
Litigation Counsel, and Nelson Prez-Sosa and Rebecca Kellogg de
Jess, Assistant U.S. Attorneys, were on brief, for appellee. 

 

 December 1, 1998
 
 LYNCH, Circuit Judge. Yamil Serrano-Delgado contends
that the district court erred in denying his requests to
withdraw his guilty plea and that his counsel provided
ineffective assistance. We affirm his conviction.
 I
 Serrano-Delgado was one of thirty-seven defendants
indicted in connection with a violent drug conspiracy. (For a
further recitation of the factual background, see United Statesv. Solano-Moreta, No. 98-1091, a companion case that we also
decide today.) On June 25, 1996, twelve days before trial
began, Serrano-Delgado pled guilty to conspiracy to distribute
controlled substances in violation of 21 U.S.C. 841(a)(1). 
 Serrano-Delgado first communicated his desire to
withdraw his guilty plea to the district court in late August
1996, after the acquittal of five of his co-defendants at trial. 
In a formal motion filed on November 8, 1996, Serrano-Delgado
contended that he had pled guilty based on prior counsel's
alleged advice that no one was ever acquitted in federal court,
that he was legally innocent of the conspiracy charged, and that
the court failed to comply with the dictates of Rule 11 when it
accepted his guilty plea. After an evidentiary hearing and the
post-hearing receipt of various supporting documents, the
district court denied Serrano-Delgado's motion on February 14,
1997.
 Before sentencing, both Serrano-Delgado and his
counsel filed a second set of motions to withdraw the plea,
arguing, among other things, that Serrano-Delgado's former
counsel advised him that in exchange for his guilty plea the
government would guarantee that Puerto Rico authorities would
not pursue charges against him. After another hearing, the
court once again denied the relief requested.
 Serrano-Delgado was sentenced to 264 months
imprisonment in accordance with the terms of his Federal Rule of
Criminal Procedure 11(e)(1)(C) plea agreement.
 II Serrano-Delgado focuses his arguments on appeal on the
district court's denial of his withdrawal motions. For a
discussion of the standard by which a district court decides
such a motion and the standard by which this court reviews the
district court's decision, see Solano-Moreta, No. 98-1091.
 Serrano-Delgado's attempt to demonstrate that the
district court abused its discretion in denying his motions is
unavailing. The district court found after a thorough
consideration of Serrano-Delgado's contentions that the timing
of his motion weighed against him, that the evidence of his
imprisonment and hospitalization during some of the relevant
time period was "not sufficient to make a successful claim of
innocence regarding his role in the charged conspiracy," that his
plea was knowing, voluntary, and intelligent despite his low
level of formal education and evidence of learning disabilities
and psychological problems, and that he was properly advised of
the elements of the conspiracy charge to which he pled guilty. 
The court also found that defendant was not misled into
believing that the plea agreement prevented his prosecution in
the Puerto Rico courts.
 The district court's refusal to permit the withdrawal
of the plea here was well within its discretion. Giving the
deference due to the district court's findings, see Solano-
Moreta, No. 98-1091, we agree that Serrano-Delgado's delay in
filing his motion does not indicate a "swift change of heart,"
United States v. Tilley, 964 F.2d 66, 72 (1st Cir. 1992)
(internal quotation marks omitted), and that he has not
demonstrated defects in the Rule 11 proceeding or a
misunderstanding of the terms of the plea agreement, see United
States v. Sanchez-Barreto, 93 F.3d 17, 23 (1st Cir. 1996)
(noting that the defendant carries the burden of persuasion), 
cert. denied, 117 S. Ct. 711 (1997). We further agree that,
although Serrano-Delgado has come forward with some evidence
that suggests that he was not actively involved in the acts
undertaken by the conspiracy during certain (but not all)
relevant periods, the suggestion that this amounts to legal
innocence is not powerful enough to outweigh the factors that
cut against him.
 We also conclude that Serrano-Delgado has not shown
that the district court, which had presided over the trial of
eight co-defendants, erred in accepting at sentencing the plea
agreement's stipulation that his admitted participation in the
conspiracy made him responsible for at least 150 kilograms of
cocaine. See generally United States v. Marrero-Rivera, 124
F.3d 342, 354 (1st Cir. 1997); Sanchez-Barreto, 93 F.3d at 25.
 Finally, although Serrano-Delgado claims that he was
ineffectively assisted by counsel during one of his plea
withdrawal hearings, we decline to address this claim on direct
appeal. The claim, involving the attorney who represented
Serrano-Delgado through the district court's entry of final
judgment, was never presented to the district court and the
record is insufficiently developed to warrant review at this
juncture. See United States v. Mala, 7 F.3d 1058, 1063 (1st
Cir. 1993) ("[T]he trial judge, by reason of his familiarity
with the case, is usually in the best position to assess both
the quality of the legal representation afforded to the
defendant in the district court and the impact of any shortfall
in that representation."). Although on occasion we have
reviewed an ineffective assistance claim without the benefit of
the district court's views, this case does not fall into any
exception to our normal rule. See id. Accordingly, this claim
(along with any other claims of ineffective assistance) may, if
Serrano-Delgado chooses, be presented on collateral review under
28 U.S.C. 2255. See United States v. Tuesta-Toro, 29 F.3d
771, 776 (1st Cir. 1994) ("Ordinarily, a collateral proceeding
. . . is the proper forum for fact-bound ineffective assistance
claims.").
 We have considered all of defendant's arguments
properly presented on direct appeal and find them without merit. 
Defendant's conviction is affirmed without prejudice to his
right to renew his ineffective assistance claims in a collateral
proceeding.