<head>

<title>USCA1 Opinion</title>

<style type="text/css" media="screen, projection, print">

<!--

@import url(/css/dflt_styles.css);

-->

</style>

</head>

<body>

 [NOT FOR PUBLICATION - NOT TO BE CITED AS PRECEDENT]
 
               United States Court of Appeals
                    For the First Circuit
                     ____________________
                               
No. 98-1091
                               
                 UNITED STATES OF AMERICA,
                               
                         Appellee,
                               
                             v.
                               
                  JORGE J. SOLANO-MORETA,
           a/k/a WES, a/k/a CABALLO, a/k/a PEDRO,
                               
                   Defendant, Appellant.
                               
                    ____________________
                               
                               
        APPEAL FROM THE UNITED STATES DISTRICT COURT
                               
              FOR THE DISTRICT OF PUERTO RICO
                               
      [Hon. Salvador E. Casellas, U.S. District Judge]
                               
                    ____________________
                               
                           Before
                               
                  Torruella, Chief Judge,
Hall, Senior Circuit Judge,   
                  and Lynch, Circuit Judge.
                                
                     ____________________
                                
                                       Rafael Anglada-Lpez for appellant.
       Miguel A. Pereira, Assistant U.S. Attorney, with whom
   Guillermo Gil, U.S. Attorney, was on brief, for appellee.      
       
                      ____________________
                                
                       December 1, 1998
 ____________________       
                                    

     LYNCH, Circuit Judge.  Jorge J. Solano-Moreta
   contends, among other things, that the district court erred in
   denying his requests to withdraw his guilty plea.  We affirm his
   conviction.
                               I
                                            On June 7, 1995, thirty-seven defendants, including
   Solano-Moreta, were indicted in connection with a violent drug
   conspiracy.  On May 29, 1996, the day that he was scheduled to
   go to trial, Solano-Moreta, the alleged leader of the
   organization, pled guilty to engaging in a continuing criminal
   enterprise in violation of 21 U.S.C.  848(a) and (b) and to
   carrying firearms in relation to a drug trafficking crime in
   violation of 18 U.S.C.  924(c)(1) and (2).
       Ultimately, only eight of the defendants went to
   trial.  On August 8, 1996, the jury convicted three of these
   defendants and acquitted five.
       Solano-Moreta filed a motion to withdraw his guilty
   plea in early December 1996, asserting that an agreement outside
   the bounds of the plea agreement had induced his plea and that
   his former counsel had not moved to challenge audiotapes or
   explained the plea agreement fully.  The court held evidentiary
   hearings on December 19 and December 27, 1996 and denied the
   motion on January 23, 1997.
       When Solano-Moreta appeared for sentencing, he again
   informed the court that he wished to withdraw his plea; with the
   assistance of new counsel, another motion to that effect was
   filed on May 21, 1997.  In addition to requesting
   reconsideration of the court's previous rulings, this motion
   added further claims of involuntariness, claimed that previous
   counsel had an unexplored conflict of interest, and asserted
   that the indictment was defective.  On December 10, 1997, after
   yet another evidentiary hearing, the motion was denied.
       Pursuant to the terms of a Federal Rule of Criminal
   Procedure 11(e)(1)(C) plea agreement, which the court accepted
   at sentencing, Solano-Moreta was sentenced to 540 months
   imprisonment.
                               II
                                            Solano-Moreta focuses his arguments on appeal on the
   district court's denial of his plea withdrawal motions.  In
   considering whether a defendant has made an affirmative showing
   of a "fair and just reason" for withdrawal of a guilty plea
   before sentencing, Fed. R. Crim. P. 32(e), the district court
   must consider all of the circumstances, focusing particularly on
   the plausibility of the reasons prompting the change of plea,
   the timing of the defendant's motion, the existence or
   nonexistence of an assertion of innocence, and whether the plea
   "appropriately may be characterized as involuntary, in derogation
   of the requirements imposed by Fed. R. Crim. P. 11, or otherwise
   legally suspect."  United States v. Sanchez-Barreto, 93 F.3d 17,
   23 (1st Cir. 1996), cert. denied, 117 S. Ct. 711 (1997); see
   also United States v. Pellerito, 878 F.2d 1535, 1537 (1st Cir.
   1989).  If these factors tilt in favor of the defendant, the
   court must also assess the prejudice to the government.  SeeUnited States v. Parrilla-Tirado, 22 F.3d 368, 371 (1st Cir.
   1994).
       A district court's ruling on such a motion is reviewed
   only for "demonstrable abuse of discretion."  Sanchez-Barreto, 93
   F.3d at 23.  In addition, "[t]he trial court's subsidiary
   factfinding in connection with plea-withdrawal motions can be
   set aside only for clear error."  Pellerito, 878 F.2d at 1538.
       As a preliminary matter, although Solano-Moreta makes
   numerous allegations that ineffective assistance by two of his
   three previous counsel prevented him from withdrawing his plea
   or from going to trial in the first instance, we decline to
   address the ineffective assistance claim on direct appeal.  The
   district court ruled on some of Solano-Moreta's specific claims
   of ineffectiveness and made factual findings relevant to the
   performance of counsel in the course of deciding the motions for
   withdrawal of the guilty pleas.  Nevertheless, we conclude after
   a careful review that the record on the various ineffective
   assistance claims is not fully developed.  (We note, as well,
   that Solano-Moreta has not aided matters by presenting several
   of his arguments on this topic to this Court in a cursory
   manner.)  Accordingly, we decline to address the ineffective
   assistance claims.  See United States v. Tuesta-Toro, 29 F.3d
   771, 776 (1st Cir. 1994) ("Ordinarily, a collateral proceeding
   . . . is the proper forum for fact-bound ineffective assistance
   claims.").
       Putting these claims aside, then, we find that the
   district court did not abuse its discretion in denying Solano-
   Moreta's motions to withdraw his guilty plea.  The court
   determined in two well-reasoned written opinions that all of the
   relevant factors weighed against permitting withdrawal.  The
   court found that Solano-Moreta's plea was fully voluntary and
   that his reasons for withdrawal were implausible.  The court
   specifically held that no outside agreement binding on the
   government existed (and that, even if Solano-Moreta's counsel
   told him otherwise, any reliance on those statements was not
   reasonable); that there was no support in the record for his
   claim that the indictment was defective; that he understood the
   plea agreement; and that there was no showing that his
   competence to plead was affected by prescription medication or
   any physical or psychological condition.  The court also found
   that Solano-Moreta's requests to counsel to move for withdrawal
   immediately after his guilty plea did not somehow cure his
   unreasonable delay in filing his motion, since, even if he
   "considered [moving for withdrawal] . . . prior to December 1996,
   it was always disregarded [as] he explored a more convenient
   path or legal strategy."  Finally, the court declined to credit
   any claim of innocence based on its observation that Solano-
   Moreta had perjured himself.
       Solano-Moreta repeats here many of the same arguments
   he advanced to the district court, but he provides no basis for
   this court to question the district court's factual findings or
   its weighing of the factors.  "Confronted with an attempt at
   plea retraction, the trial judge must make an idiocratic,
   particularistic, factbound assessment -- an assessment which is
   facilitated because the judge has overseen pretrial proceedings,
   conducted the Rule 11 inquiries, accepted the original guilty
   plea, and heard at first hand the reasons bearing on its
   withdrawal."  Pellerito, 878 F.2d at 1538.  Many of the findings
   at issue here are based on the district court's observation of
   the demeanor of the defendant and the credibility of various
   witnesses.  In this case, we will not second-guess these first-
   hand observations, especially since the district court's
   consideration of Solano-Moreta's claims was particularly careful
   and thorough.
       Finally, we also reject Solano-Moreta's challenge to
   the district court's acceptance of his plea agreement at
   sentencing.  "Before accepting a plea agreement that contains a
   specific sentence under Fed. R. Crim. P. 11(e)(1)(C), a
   sentencing court is required to satisfy itself either that:  
   'the agreed sentence is within the applicable guideline range;
   or (2) the agreed sentence departs from the applicable guideline
   range for justifiable reasons.'"  United States v. Carrozza, 4
   F.3d 70, 87 (1st Cir. 1993) (quoting U.S.S.G.  6B1.2(c)).  
   Ignoring the second of the two options provided by  6B1.2(c) of
   the guidelines, Solano-Moreta rests his challenge on the bare
   assertion that the stipulated sentence exceeded the guideline
   range set forth in the pre-sentence report.  Accordingly, he has
   made no showing that the district court erred in accepting the
   plea agreement and imposing the 540-month sentence that he
   acceded to when he signed it.  Nor has he made any showing that
   the court erred in refusing to "mitigat[e]" his sentence.
       We have considered all of defendant's arguments
   properly presented on direct appeal and find them without merit.  
   Defendant's conviction is affirmed.

</body>

</html>