<head>

<title>USCA1 Opinion</title>

<style type="text/css" media="screen, projection, print">

<!--

@import url(/css/dflt_styles.css);

-->

</style>

</head>

<body>

    [NOT FOR PUBLICATION - NOT TO BE CITED AS PRECEDENT]
                               
               United States Court of Appeals
                   For the First Circuit
                    ____________________
                               
No. 98-1092
                               
                 UNITED STATES OF AMERICA,
                               
                         Appellee,
                               
                             v.
                               
                   YAMIL SERRANO-DELGADO,
                               
                   Defendant, Appellant.
                               
                    ____________________
                               
                               
        APPEAL FROM THE UNITED STATES DISTRICT COURT
                               
              FOR THE DISTRICT OF PUERTO RICO
                               
      [Hon. Salvador E. Casellas, U.S. District Judge]
                               
                    ____________________
                               
                           Before
                               
                  Torruella, Chief Judge,
Hall, Senior Circuit Judge,   
                  and Lynch, Circuit Judge.
                                
                     ____________________
                                   
     Bruce J. McGiverin for appellant.
     Miguel A. Pereira, Assistant U.S. Attorney, with whom
   Guillermo Gil, U.S. Attorney, Jos A. Quiles-Espinosa, Senior
   Litigation Counsel, and Nelson Prez-Sosa and Rebecca Kellogg de
   Jess, Assistant U.S. Attorneys, were on brief, for appellee.   
     
    
                      ____________________
                                
                       December 1, 1998
  ____________________              
                                       LYNCH, Circuit Judge.  Yamil Serrano-Delgado contends
   that the district court erred in denying his requests to
   withdraw his guilty plea and that his counsel provided
   ineffective assistance.  We affirm his conviction.
                               I
                                       Serrano-Delgado was one of thirty-seven defendants
   indicted in connection with a violent drug conspiracy.  (For a
   further recitation of the factual background, see United Statesv. Solano-Moreta, No. 98-1091, a companion case that we also
   decide today.)  On June 25, 1996, twelve days before trial
   began, Serrano-Delgado pled guilty to conspiracy to distribute
   controlled substances in violation of 21 U.S.C.  841(a)(1).  
     Serrano-Delgado first communicated his desire to
   withdraw his guilty plea to the district court in late August
   1996, after the acquittal of five of his co-defendants at trial.  
   In a formal motion filed on November 8, 1996, Serrano-Delgado
   contended that he had pled guilty based on prior counsel's
   alleged advice that no one was ever acquitted in federal court,
   that he was legally innocent of the conspiracy charged, and that
   the court failed to comply with the dictates of Rule 11 when it
   accepted his guilty plea.  After an evidentiary hearing and the
   post-hearing receipt of various supporting documents, the
   district court denied Serrano-Delgado's motion on February 14,
   1997.
     Before sentencing, both Serrano-Delgado and his
   counsel filed a second set of motions to withdraw the plea,
   arguing, among other things, that Serrano-Delgado's former
   counsel advised him that in exchange for his guilty plea the
   government would guarantee that Puerto Rico authorities would
   not pursue charges against him.  After another hearing, the
   court once again denied the relief requested.
     Serrano-Delgado was sentenced to 264 months
   imprisonment in accordance with the terms of his Federal Rule of
   Criminal Procedure 11(e)(1)(C) plea agreement.
                                II     Serrano-Delgado focuses his arguments on appeal on the
   district court's denial of his withdrawal motions.  For a
   discussion of the standard by which a district court decides
   such a motion and the standard by which this court reviews the
   district court's decision, see Solano-Moreta, No. 98-1091.
     Serrano-Delgado's attempt to demonstrate that the
   district court abused its discretion in denying his motions is
   unavailing.  The district court found after a thorough
   consideration of Serrano-Delgado's contentions that the timing
   of his motion weighed against him, that the evidence of his
   imprisonment and hospitalization during some of the relevant
   time period was "not sufficient to make a successful claim of
   innocence regarding his role in the charged conspiracy," that his
   plea was knowing, voluntary, and intelligent despite his low
   level of formal education and evidence of learning disabilities
   and psychological problems, and that he was properly advised of
   the elements of the conspiracy charge to which he pled guilty.  
   The court also found that defendant was not misled into
   believing that the plea agreement prevented his prosecution in
   the Puerto Rico courts.
     The district court's refusal to permit the withdrawal
   of the plea here was well within its discretion.  Giving the
   deference due to the district court's findings, see Solano-
   Moreta, No. 98-1091, we agree that Serrano-Delgado's delay in
   filing his motion does not indicate a "swift change of heart,"
   United States v. Tilley, 964 F.2d 66, 72 (1st Cir. 1992)
   (internal quotation marks omitted), and that he has not
   demonstrated defects in the Rule 11 proceeding or a
   misunderstanding of the terms of the plea agreement, see United
   States v. Sanchez-Barreto, 93 F.3d 17, 23 (1st Cir. 1996)
   (noting that the defendant carries the burden of persuasion),  
   cert. denied, 117 S. Ct. 711 (1997).  We further agree that,
   although Serrano-Delgado has come forward with some evidence
   that suggests that he was not actively involved in the acts
   undertaken by the conspiracy during certain (but not all)
   relevant periods, the suggestion that this amounts to legal
   innocence is not powerful enough to outweigh the factors that
   cut against him.
     We also conclude that Serrano-Delgado has not shown
   that the district court, which had presided over the trial of
   eight co-defendants, erred in accepting at sentencing the plea
   agreement's stipulation that his admitted participation in the
   conspiracy made him responsible for at least 150 kilograms of
   cocaine.  See generally United States v. Marrero-Rivera, 124
   F.3d 342, 354 (1st Cir. 1997); Sanchez-Barreto, 93 F.3d at 25.
     Finally, although Serrano-Delgado claims that he was
   ineffectively assisted by counsel during one of his plea
   withdrawal hearings, we decline to address this claim on direct
   appeal.  The claim, involving the attorney who represented
   Serrano-Delgado through the district court's entry of final
   judgment, was never presented to the district court and the
   record is insufficiently developed to warrant review at this
   juncture.  See United States v. Mala, 7 F.3d 1058, 1063 (1st
   Cir. 1993) ("[T]he trial judge, by reason of his familiarity
   with the case, is usually in the best position to assess both
   the quality of the legal representation afforded to the
   defendant in the district court and the impact of any shortfall
   in that representation.").  Although on occasion we have
   reviewed an ineffective assistance claim without the benefit of
   the district court's views, this case does not fall into any
   exception to our normal rule.  See id.  Accordingly, this claim
   (along with any other claims of ineffective assistance) may, if
   Serrano-Delgado chooses, be presented on collateral review under
   28 U.S.C.  2255.  See United States v. Tuesta-Toro, 29 F.3d
   771, 776 (1st Cir. 1994) ("Ordinarily, a collateral proceeding
   . . . is the proper forum for fact-bound ineffective assistance
   claims.").
     We have considered all of defendant's arguments
   properly presented on direct appeal and find them without merit.  
   Defendant's conviction is affirmed without prejudice to his
   right to renew his ineffective assistance claims in a collateral
   proceeding.

</body>

</html>