NOTICE

*The text of this opinion can be corrected before the opinion is published in the* Pacific Reporter. *Readers are encouraged to bring typographical or other formal errors to the attention of the Clerk of the Appellate Courts:*

*303 K Street, Anchorage, Alaska 99501*
*Fax: (907) 264-0878*
*E-mail: corrections@akcourts.us*

IN THE COURT OF APPEALS OF THE STATE OF ALASKA

| | |
|---|---|
| JUSTIN A.D. NELSON, | Court of Appeals No. A-11259 |
| Appellant, | Trial Court No. 3DI-11-216 CR |
| v. | |
| STATE OF ALASKA, | O P I N I O N |
| | Order on Rehearing |
| Appellee. | No. 2549 — April 21, 2017 |

Appeal from the Superior Court, Third Judicial District, Dillingham, Fred Torrisi, Judge.

Appearances: Brooke Berens, Assistant Public Advocate, and Richard Allen, Public Advocate, Anchorage, for the Appellant. Timothy W. Terrell, Assistant Attorney General, Office of Criminal Appeals, Anchorage, and Michael C. Geraghty, Attorney General, Juneau, for the Appellee.

Before: Mannheimer, Chief Judge, Allard, Judge, and Hanley, District Court Judge.[*]

Judge ALLARD.

---

[*] Sitting by assignment made pursuant to Article IV, Section 16 of the Alaska Constitution and Administrative Rule 24(d).

As part of a plea agreement with the State, Justin A.D. Nelson pleaded guilty to attempted first-degree sexual abuse of a minor.[1] Later, before sentencing, Nelson sought to withdraw his plea. Nelson alleged that he entered his guilty plea without fully understanding the terms of the plea agreement. Nelson also alleged that he had received ineffective assistance of counsel from the assistant public defender who represented him at the change of plea hearing.

Nelson asked the superior court to delay his scheduled sentencing hearing and to appoint him conflict counsel so that he could fully litigate his alleged claim of ineffective assistance of counsel. The superior court ruled that Nelson had shown no "fair and just reason" to withdraw his plea. The superior court also denied Nelson's requests for a delay of sentencing and for the immediate appointment of conflict counsel. Instead, the court appointed Nelson conflict counsel after sentencing occurred.

In our earlier decision in this case — *Nelson v. State*, 2016 WL 7422690 (Alaska App. Dec. 21, 2016) (unpublished) — we upheld the superior court's handling of these matters and we affirmed Nelson's conviction. Following the issuance of our decision, Nelson filed a petition for rehearing in which he asked us to reconsider these matters. We now announce our decision on rehearing.

In Nelson's case, the question facing the trial judge was whether to delay the sentencing proceedings, appoint conflict counsel, and permit Nelson to fully litigate his claim of ineffective assistance of counsel before holding the sentencing hearing — or, instead, to deny Nelson's request for the immediate appointment of conflict counsel. This second option would effectively delay any litigation of Nelson's ineffective assistance of counsel claim until after Nelson's sentencing, when Nelson could pursue any such claims in an application for post-conviction relief.

---

[1]   AS 11.41.434(a)(1) and AS 11.31.100(a).

Before making this decision, the superior court undertook considerable efforts to obtain a clearer understanding of Nelson's ineffective assistance of counsel claim. When Nelson proved unable to articulate or substantiate any specific assertions of how he had been incompetently represented, the trial judge chose to rule on Nelson's involuntariness claim and proceed with sentencing (which had already been delayed multiple times), thereby deferring the litigation of Nelson's ineffective assistance of counsel claim until later.[2] On this record, we concluded that the superior court did not abuse its discretion when it denied Nelson's request for the immediate appointment of conflict counsel.[3]

In his petition for rehearing, Nelson appears to advocate a bright-line rule which would require trial judges to automatically appoint conflict counsel whenever a defendant files a presentencing motion to withdraw their plea based on allegations of ineffective assistance of counsel. Such a bright-line approach certainly has benefits in terms of judicial economy and efficiency. We also agree that the appointment of conflict counsel will often be the appropriate action in these circumstances, particularly because a different standard applies to a presentencing motion to withdraw a plea as opposed to a post-sentencing motion to withdraw a plea.[4]

---

[2] In his petition for rehearing, Nelson asserts that he alleged multiple bases for a claim of ineffective assistance of counsel. But the most substantive basis that he lists — that he had been told he would only serve one-third of his time — was raised only after sentencing had occurred.

[3] *Nelson v. State*, 2016 WL 7422690, at *4 (Alaska App. Dec. 21, 2016) (unpublished).

[4] *Compare* Alaska R. Crim. P. 11(h)(2) *with* Alaska R. Crim. P. 11(h)(3). Criminal Rule 11(h)(2) addresses presentencing motions to withdraw a guilty plea; it requires a trial court to allow a defendant to withdraw a plea if the defendant proves that withdrawal of the plea is necessary to correct a manifest injustice, and it grants a trial court discretion to allow withdrawal of a plea prior to sentencing for any "fair and just reason" unless the prosecution

(continued...)

– 3 – 2549

But we are also concerned that an inflexible rule would invite abuse by defendants who simply want to delay or disrupt the sentencing proceedings. The vast majority of jurisdictions hold that the question of whether to appoint conflict counsel in these circumstances is a matter entrusted to the discretion of the trial court.[5] Although an immediate appointment of conflict counsel will often be the proper action, we agree with these jurisdictions that deference to the trial court is appropriate. And based on the totality of circumstances presented by Nelson's case, we do not find that the trial court's actions constituted an abuse of discretion.

In his petition for rehearing, Nelson also argues that this Court failed to address his claim that he received ineffective assistance of counsel from the assistant public defenders who represented him in the post-plea and presentencing proceedings. Nelson is correct that we did not directly address this claim, and we therefore do so now.

---

[4]    (...continued)
has been substantially prejudiced by reliance on the defendant's plea. Criminal Rule 11(h)(3) addresses post-sentencing motions to withdraw a guilty plea; it requires a defendant to pursue the motion in the form of an application for post-conviction relief, and it requires the defendant to prove that withdrawal of the plea is necessary to correct a manifest injustice. Ineffective assistance of counsel constitutes manifest injustice under Criminal Rule 11(h)(4)(A).

[5]    *See, e.g., People v. Smith*, 863 P.2d 192, 200 (Cal. 1993), *as modified on denial of reh'g* (Feb. 3, 1994) (applying an abuse of discretion standard of review and requiring a defendant to make a "proper showing" that there are adequate grounds for the ineffective assistance of counsel claims); *State v. Cooper*, 738 A.2d 1125, 1132-33 (Conn. App. 1999) (declaring that whether to appoint conflict counsel in connection with plea-withdrawal proceedings rests in the sound discretion of the trial court); *State v. Millett*, 718 A.2d 1100, 1102 (Me. 1998); *Brunsen v. State*, 281 P.3d 1157 (Nev. 2009) (holding that a defendant is entitled to an evidentiary hearing and the immediate appointment of conflict counsel if the defendant's plea-withdrawal motion includes specific factual allegations of ineffective assistance of counsel).

In his briefing on appeal, Nelson acknowledges that Alaska appellate courts normally will not consider an ineffective assistance of counsel claim for the first time on appeal because "the record of the trial proceedings will seldom conclusively establish incompetent representation."[6] However, Nelson contends that the record in his case is sufficient, as it stands, to establish that the assistant public defenders who represented him post-plea provided him with ineffective assistance of counsel.[7] We disagree with Nelson that the record is adequate to support such a conclusion. We also disagree with Nelson's underlying contention that these attorneys were required to proceed as though they had been appointed to fully litigate his ineffective assistance of counsel claim. Separate conflict counsel would need to be appointed if the claim was going to be fully litigated.[8]

Accordingly, we DENY Nelson's petition for rehearing, and we again AFFIRM the judgment of the superior court.

---

[6] *Burton v. State*, 180 P.3d 964, 969 (Alaska App. 2008).

[7] *See, e.g.*, *Tazruk v. State*, 67 P.3d 687, 688 (Alaska App. 2003).

[8] *See, e.g.*, *Cole v. State*, 1994 WL 16196666, at *2 (Alaska App. Dec. 14, 1994) (unpublished).